Mark D. Rowland (CSB #157862)
<mark.rowland@ropesgray.com>
Andrew T. Oliver (CSB #226098)
<andrew.oliver@ropesgray.com>
ROPES & GRAY LLP
525 University Avenue
Palo Alto, California 94301
Tel.: (650) 617-4000
Fax:  (650) 617-4090

Attorneys for DEFENDANT ACCESS Systems
Americas, Inc. (formerly PalmSource, Inc.)

FILED
JUN 1 7 2008
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

### IN THE UNITED STATES DISTRICT COURT

### FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| E-PASS TECHNOLOGIES, INC., | No. C-00-2255 DLJ (EDL) |
|     Plaintiff, | **Related Cases** |
|     v. | |
| 3COM, INC. and PALM, INC., | |
|     Defendants. | |

| | |
|---|---|
| E-PASS TECHNOLOGIES, INC., | No. C-03-4747 DLJ (EDL) |
|     Plaintiff, | Related Cases |
|     v. | |
| VISA INTERNATIONAL SERVICE ASSOCIATION and VISA U.S.A., INC., | |
|     Defendants. | |

| | |
|---|---|
| E-PASS TECHNOLOGIES, INC., | No. C-04-0528 DLJ (EDL) |
|     Plaintiff, | Related Cases |
|     v. | **DECLARATION OF ANDREW T. OLIVER IN SUPPORT OF ACCESS SYSTEMS AMERICAS INC.'S (FORMERLY PALMSOURCE, INC.) MOTION FOR PAYMENT OF EXPENSES** |
| PALMONE, INC., PALMSOURCE, INC., and HANDSPRING, INC., | |
|     Defendants. | |

Redacted – See version filed under seal

**ORIGINAL**

DECLARATION OF ANDREW T. OLIVER IN SUPPORT OF
ACCESS SYSTEMS AMERICAS INC.'S (FORMERLY PALMSOURCE, INC.)
MOTION FOR PAYMENT OF EXPENSES
Case No. C-04-0528 DLJ (EDL)

I, Andrew T. Oliver, hereby state and declare as follows:

I am an attorney employed as an associate with the law firm of Ropes & Gray LLP, which represents judgment creditor ACCESS Systems Americas, Inc. (formerly PalmSource, Inc.) (hereinafter "ACCESS") in Case No. C-04-0528 DLJ (EDL).  I make this declaration in support of ACCESS' motion for sanctions, which I expect to be filed contemporaneously herewith.

1.  Attached hereto as Exhibit 24 is a true and correct copy of this court's Order granting ACCESS' motion to compel, dated May 5, 2008.

2.  Attached hereto as Exhibit 25 is a true and correct copy of Plaintiff E-Pass Technology Inc.'s Supplemental Responses to Defendant ACCESS Systems Americas, Inc.'s First Set of Post-Judgment Interrogatories, dated May 19, 2008.

3.  Attached hereto as Exhibit 26 is a true and correct copy of a letter from Kelly Cunningham to Andrew Oliver, dated March 27, 2008

4.  Attached hereto as Exhibit 27 is a true and correct copy of a document titled Plaintiff E-Pass Technologies, Inc.'s Second Supplemental Responses to Defendant ACCESS Systems Americas, Inc.'s First Set of Post-Judgment Interrogatories, dated June 13, 2008.

5.  On or about May 29, 2008, I spoke with Kelly Cunningham regarding ACCESS' request to be reimbursed for the expenses it incurred in pursuing its motion to compel discovery, which was granted on May 5, 2008.  I explained that Fed. R. Civ. P. 37(a)(5) formed the basis for the request.  I also informed Mr. Cunningham of several violations of the order of May 5, 2008, and requested that E-Pass rectify those violations without requiring ACCESS to bring a motion under Rule 37(b)(2)(A).  Mr. Cunningham requested an opportunity to discuss these issues with Daniel Cislo before responding.  On June 5, 2008, I spoke with Kelly Cunningham for well over an hour, regarding ACCESS' request to be reimbursed for the expenses it incurred in pursuing its motion to compel discovery and E-Pass' ongoing violation of the Court's May 5, 2008 order compelling

DECLARATION OF ANDREW T. OLIVER IN SUPPORT OF
ACCESS SYSTEMS AMERICAS INC.'S (FORMERLY PALMSOURCE, INC.)
MOTION FOR PAYMENT OF EXPENSES
Case No. C-04-0528 DLJ (EDL)

2

discovery.  I again explained the basis for the request.  Mr. Cunningham stated that he did not agree that E-Pass or its attorneys should satisfy the costs.  However, I do not recall that Mr. Cunningham provided any legal or factual bases for his disagreement.

6.  Attached hereto as Exhibit 28 is a true and correct copy of an email from Andrew Oliver to Daniel Cislo and Kelly Cunningham, dated June 2, 2008.

7.  Attached hereto as Exhibit 29 is a true and correct copy of a letter from Daniel Cislo to Andrew Oliver, dated June 3, 2008.

8.  Attached hereto as Exhibit 30 is a true and correct copy of an email from Andrew Oliver to Daniel Cislo and Kelly Cunningham, dated June 4, 2008.

9.  Attached hereto as Exhibit 31 is a true and correct copy of an email from Andrew Oliver to Daniel Cislo and Kelly Cunningham, dated June 5, 2008.

10.  Attached hereto as Exhibit 32 is a true and correct copy of a first (two page) letter from Daniel Cislo to Andrew Oliver, dated June 6, 2008.

11.  Attached hereto as Exhibit 33 is a true and correct copy of a second (three page) letter from Daniel Cislo to Andrew Oliver, dated June 6, 2008.

12.  Attached hereto as Exhibit 34 is a true and correct copy of an email from Andrew Oliver to Daniel Cislo, dated June 10, 2008.

13.  Attached hereto as Exhibit 35 are true and correct copy of invoices for services rendered in March and April 2008, by Ropes & Gray LLP for ACCESS Systems Americas, Inc *(FILED UNDER SEAL)*.  The invoices contain confidential business information of ACCESS Systems Americas, Inc. and Ropes & Gray LLP.  The invoices have been redacted to remove information that is unrelated to the instant motion, work product, and/or attorney-client privileged.  The hourly rates listed in the invoices are customary hourly charges for the listed individuals.

DECLARATION OF ANDREW T. OLIVER IN SUPPORT OF
ACCESS SYSTEMS AMERICAS INC.'S (FORMERLY PALMSOURCE, INC.)
MOTION FOR PAYMENT OF EXPENSES
Case No. C-04-0528 DLJ (EDL)

3

1    14.    The invoices in Exhibit 35 show the following reasonable expenses incurred by

2           ACCESS in making the motion to compel discovery:

3

| Expense | Hours | Rate | Total |
|---------|-------|------|-------|

4

5

6

7

8

9

10

11

12

13                          Redacted – See version filed under seal

14

15

16

17

18

19

20

21    15.    Attached hereto as Exhibit 36 is a true and correct copy of a document bearing

22           production numbers PJ00613 – 618, produced by E-Pass Technologies, Inc.  *(FILED*

23           *UNDER SEAL).*  This document has been marked "Highly Confidential – Attorney's

24           Eyes Only" by E-Pass.

25    16.    Attached hereto as Exhibit 37 is a true and correct copy of a letter dated June 13, 2008,

26           from Kelly Cunningham to Andrew Oliver.

27

28

DECLARATION OF ANDREW T. OLIVER IN SUPPORT OF
ACCESS SYSTEMS AMERICAS INC.'S (FORMERLY PALMSOURCE, INC.)
MOTION FOR PAYMENT OF EXPENSES
Case No. C-04-0528 DLJ (EDL)

17.   Attached hereto as Exhibit 38 is a true and correct copy of pages 118-120 of the February 8, 2005, deposition transcript. of Hartmut Hennige.

18.   Attached hereto as Exhibit 39 is a true and correct copy of documents bearing production numbers PJ00673, PJ01533, PJ01534, and PJ01542, produced by E-Pass Technologies, Inc. *(FILED UNDER SEAL).*  These documents have been marked "Highly Confidential – Attorney's Eyes Only" by E-Pass.

19.   Attached hereto as Exhibit 40 is a true and correct copy of documents bearing production numbers PJ01461 – 65, PJ01459, PJ01497, and PJ01501 – 08, produced by E-Pass Technologies, Inc. *(FILED UNDER SEAL).*  These documents have been marked "Highly Confidential – Attorney's Eyes Only" by E-Pass.

20.   Attached hereto as Exhibit 41 is a true and correct copy of documents bearing production numbers PJ01428 and PJ01429, produced by E-Pass Technologies, Inc. *(FILED UNDER SEAL).*  These documents have been marked "Highly Confidential – Attorney's Eyes Only" by E-Pass.

I declare under penalty of perjury that the foregoing is true and correct.  Executed at Palo Alto, California on June 17, 2008.

_____
Andrew T. Oliver

DECLARATION OF ANDREW T. OLIVER IN SUPPORT OF
ACCESS SYSTEMS AMERICAS INC.'S (FORMERLY PALMSOURCE, INC.)
MOTION FOR PAYMENT OF EXPENSES
Case No. C-04-0528 DLJ (EDL)

5

EXHIBIT  24

FILED

MAY X 5 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| E-PASS TECHNOLOGIES, INC., | No. C-00-2255 DLJ (EDL) |
|     Plaintiff, | <u>Related Cases</u> |
|     v. | |
| 3COM, INC. and PALM, INC., | |
|     Defendants. | |

| | |
|---|---|
| E-PASS TECHNOLOGIES, INC., | No. C-03-4747 DLJ (EDL) |
|     Plaintiff, | <u>Related Cases</u> |
|     v. | |
| VISA INTERNATIONAL SERVICE ASSOCIATION and VISA U.S.A., INC., | |
|     Defendants. | |

| | |
|---|---|
| E-PASS TECHNOLOGIES, INC., | No. C-04-0528 DLJ (EDL) |
|     Plaintiff, | <u>Related Cases</u> |
|     v. | [PROPOSED] ORDER GRANTING-IN-PART JUDGMENT CREDITOR ACCESS SYSTEMS AMERICAS, INC.'S MOTION TO COMPEL AS MODIFIED |
| PALMONE, INC., PALMSOURCE, INC., and HANDSPRING, INC., | |
|     Defendants. | |

On March 25, 2008, Judgment Creditor ACCESS Systems Americas, Inc. (formerly PalmSource, Inc.) ("ACCESS") filed a motion for order compelling Judgment Debtor E-Pass Technologies, Inc. ("E-Pass") to respond to interrogatories and requests for production of documents.  The parties fully briefed the motion.  The Court held a hearing on April 29, 2008.  Upon consideration of the parties' submissions and oral arguments, the Court **ORDERS**:

1.   No later than 10 days after entry of this order, E-Pass shall serve upon ACCESS, as provided in Civil L.R. 5-5(a), substantive and complete responses to each of ACCESS' post-judgment interrogatories nos. 1 through 7, revised as discussed in paragraph 4 below.

2.   No later than 10 days after entry of this order, E-Pass shall produce to ACCESS all documents and things responsive to each of ACCESS' post-judgment requests for production of documents nos. 1 through 25, revised as discussed in paragraph 4 below.

3.   At this time, the Court will not engage in the exercise of counting the number of interrogatory subparts.  It appears to the Court that ACCESS' interrogatories nos. 1 through 7 contain less than 25 subparts.  However, in the event that the interrogatories contain more than 25 subparts, the Court permits all of the subparts, pursuant to Rule 26(b)(2), Fed. R. Civ. P.

4.   In responding to the interrogatories and requests for production of documents, E-Pass shall use the definitions of terms that it set forth at pages 12 - 15 of Plaintiff E-Pass Technologies, Inc.'s Opposition to Defendant ACCESS Systems Americas, Inc.'s Motion to Compel (filed April 8, 2008), except as set forth herein:

   a.   in responding to interrogatory no. 1, the term "value" shall mean "objective, self-evident, or independent valuations of the asset previously made," without regard to who made the valuation;

[PROPOSED] ORDER GRANTING-IN-PART JUDGMENT CREDITOR
ACCESS SYSTEMS AMERICAS, INC.'S MOTION TO COMPEL
Case No. C-04-0528 DLJ (EDL)

b.      in responding to interrogatory no. 2, the term "contractor" shall encompass only

entities with whom E-Pass entered into contract(s) valued in excess of $10,000, after June 1,

2004;

c.      in responding to interrogatories nos. 4 and 5, the term "consideration" shall

encompass only all monetary or financial benefits;

d.      in responding to interrogatory no. 5, the term "pledged" shall encompass only

formal written pledges, regardless of whether E-Pass relied upon the pledge; and

e.      in responding to interrogatory no. 6, the term "all reasons for" shall encompass

only all monetary or financial benefits.

5.      E-Pass is ordered to produce the requested shareholder contact information, including

addresses and telephone numbers.  E-Pass may designate this information with the appropriate

confidentiality designation as provided in the protective order in place in case no. C-04-0528.

6.      In responding to request for production no. 19, E-Pass is to produce (or where the

documents are equally available E-Pass is to identify) to ACCESS, the requested documents.

Request no. 19 shall be limited to documents filed with any federal or state regulatory agencies,

licensing boards or agencies, and agencies or departments that administer corporations.

7.      ACCESS has withdrawn, without prejudice, the portion of its motion requesting E-Pass'

work product.  Thus, because the issue is moot, the Court makes no ruling as to whether E-Pass

must produce attorney work product.

SO ORDERED.

Dated: May __5__, 2008                    By: _____
                                               ELIZABETH D. LAPORTE
                                               United States Magistrate Judge

EXHIBIT  25

1 | Daniel M. Cislo, Esq., No. 125,378
2 | Kelly W. Cunningham, Esq., No. 186,229
  | CISLO & THOMAS LLP
3 | 1333 2nd Street, Suite 500
  | Santa Monica, California 90401
4 | Telephone: (310) 451-0647
  | Telefax: (310) 394-4477
5 | Email: dancislo@cislo.com
  |        kcunningham@cislo.com

6

7 | Attorneys for Plaintiff
  | E-PASS TECHNOLOGIES, INC.

8

9 | UNITED STATES DISTRICT COURT

10 | NORTHERN DISTRICT OF CALIFORNIA - OAKLAND DIVISION

11

12 | E-PASS TECHNOLOGIES, INC.,            ) CASE NO. C-00-2255 DLJ
                                          ) CASE NO. C-03-4747 DLJ
13 |              Plaintiff,              ) CASE NO. C-04-0528 DLJ
                                          ) **Related Cases**
14 |       vs.                            )

15 | 3COM CORP. AND PALM, INC.,           ) **PLAINTIFF E-PASS TECHNOLOGIES,**
                                          ) **INC.'S SUPPLEMENTAL RESPONSES**
16 |              Defendants.             ) **TO DEFENDANT ACCESS SYSTEMS**
                                          ) **AMERICAS, INC.'S FIRST SET OF**
17 | E-PASS TECHNOLOGIES, INC.,           ) **POST-JUDGMENT INTERROGATORIES**
                                          )
18 |              Plaintiff,              )
                                          )
19 |       vs.                            )
                                          )
20 | VISA INTERNATIONAL SERVICE           )
    | ASSOCIATION and VISA U.S.A., INC.,  )
21 |                                      )
    |              Defendants.            )
22 |                                      )
                                          )
23 | E-PASS TECHNOLOGIES, INC.,           )
                                          )
24 |              Plaintiff,              )
                                          )
25 |       vs.                            )
                                          )
26 | PALMONE, INC., PALMSOURCE, INC.      )
    | AND HANDSPRING, INC.,               )
27 |                                      )
    |              Defendants.            )
28 |                                      )

PROPOUNDING PARTY:   DEFENDANT ACCESS SYSTEMS AMERICAS, INC.
(formerly PALMSOURCE, INC.)

RESPONDING PARTY:   PLAINTIFF E-PASS TECHNOLOGIES, INC.

SET NUMBER:   ONE (1)

Plaintiff E-PASS TECHNOLOGIES, INC.'s ("E-Pass") hereby supplements its responses to Defendant ACCESS SYSTEMS AMERICAS, INC.'S, formerly PALMSOURCE, INC., ("Defendant") First Set of Post-Judgment Interrogatories.  E-Pass acknowledges that the Magistrate Judge has ruled on a number of E-Pass's objections to these interrogatories.  E-Pass nevertheless restates all of its objections for the record as part of this supplemental response so as to avoid any appearance of waiver of the same and since some of these objections have been articulated differently since E-Pass's original objections.

## GENERAL OBJECTIONS

1.    E-Pass objects to these interrogatories as untimely, as judgment has already been entered in this matter, and a notice of appeal to the Federal Circuit has been filed. Accordingly, it is inappropriate for a filing in this matter to be filed in the District Court at this time.   More specifically, this case is closed, discovery is closed, and Defendant therefore propounded these interrogatories in violation of, at least, 28 U.S.C. § 1963 and Rule 26-2 of the Northern District of California's Local Rules.

2.    E-Pass objects to these interrogatories as this matter was adjudicated in the District Court and Defendant had significant opportunity to obtain answers to these interrogatories both before and during the course of the discovery.

3.    E-Pass objects to this set of interrogatories to the extent that one or more of the interrogatories contain the following multiple subparts such that the propounding party has exceeded the limit of twenty-five (25) interrogatories permitted by Fed. R. Civ. P. 33 in violation of, at least, this Federal Rule and Rule 33-3 of the Northern District of California's Local Rules:

2

| Interrogatory | Number of Discrete Subparts | Cumulative Total of Interrogatories |
|---|---|---|
| 1 | 2 | 2 |
| 2 | 2 | 4 |
| 3 | 2 | 6 |
| 4 | 3 | 9 |
| 5 | 4 | 13 |
| 6 | 3 | 16 |
| 7 | 32 | 48 |

4.      E-Pass objects to these interrogatories to the extent they impose obligations, burdens, and/or requirements beyond those set forth in the Federal Rules of Civil Procedure.

5.      E-Pass expressly reserves the right to object on any permissible grounds, including grounds not enumerated herein, to the admissibility of any information produced in response hereto.  E-Pass reserves its right to introduce, refer to, or rely on any information or document hereafter obtained by it or by any other party in this action, and to supplement its responses to these interrogatories.

6.      E-Pass expressly incorporates each of these General Objections into each of its responses below.

## SUPPLEMENTAL RESPONSES TO FIRST SET OF INTERROGATORIES

### Interrogatory No. 1.

Identify every asset of E-PASS, including the type of asset, value of the asset, location of the asset, and custodian of the asset, including all account numbers and financial institution identifying information.

### Supplemental Objections and Response to Interrogatory No. 1.

Objection, seeks to invade the privacy and financial privacy of third parties.   The balancing test favors nondisclosure here because there is no present public need nor any present interest of Defendant and under 28 U.S.C. § 1963 no such interest will exist until the appeal is

3

1   resolved, and then, only if such resolution is in Defendant's favor.

2        Objection, the interrogatory appears to be designed to harass third parties and interfere

3   with their business relationships with E-Pass.   In particular, Defendant is prematurely

4   attempting to collect on the attorneys' fees award by acquiring any retainer amount that E-Pass

5   might have delivered to its appeal counsel in its attempt to appeal this very award.

6   Additionally, Defendant has no basis for contending that E-Pass has committed any action that

7   might support a piercing the corporate veil, and nevertheless appears intent on performing a

8   fishing expedition of E-Pass and anyone and any entity who has any relations to E-Pass.

9        Objection, vague and ambiguous, including in regard to terms and phrases such as

10  "value of the asset."   For many categories of assets, valuation is undetermined or subject to

11  differences of opinion.   Absent any dispute by Defendant, E-Pass will construe the term

12  "value" as meaning any objective, self-evident, or independent valuation of the asset previously

13  and as not requiring E-Pass to obtain or make a valuation of any asset of undetermined value

14  for the purposes of responding to this interrogatory.   In the telephonic meet and confer, the

15  undersigned and Andrew T. Oliver, Esq. also agreed that the phrase "location of the asset, and

16  custodian of the asset, including all account numbers and financial institution identifying

17  information" should be construed as, "location of the asset, including the name and address of

18  the financial institution or other custodian of the asset and any account number for the asset"

19  and that the phrase "type of asset" should be construed as common sense dictates, giving

20  examples such as, "real property," "lease," "furniture," and the like.

21       Objection, overly broad, unduly burdensome, and oppressive.   The interrogatory asks

22  for "every" asset of E-Pass imposing a search for information that would be unreasonable

23  under the circumstances and under the Federal Rules and applicable case law.

24       Objection, not relevant to any presently ripe claim or defense in this matter, nor

25  reasonably calculated to lead to the discovery of admissible evidence.   The district court case is

26  closed as is its discovery periods.   Local Rule 26-2 prohibits parties from propounding

27  discovery outside of the discovery period without first obtaining an order of the Court upon a

28  showing of good cause or from filing any motion to compel discovery response more than seven

CISLO & THOMAS LLP
Attorneys at Law
1333 2ND STREET
SUITE 500
SANTA MONICA, CALIFORNIA 90401-4110
TELEPHONE: (310) 450-0647   FACSIMILE: (310) 394-4477

CISLO & THOMAS LLP
Attorneys at Law
SUITE 500
1333 2ND STREET
SANTA MONICA, CALIFORNIA 90401-4110
TELEPHONE: (310) 450-0647   FACSIMILE: (310) 394-4477

court days after the discovery cut-off.  Additionally, 28 U.S.C. § 1963 prohibits enforcing a judgment beyond the district in which the judgment was entered until all appeals have been exhausted or until after the time for appeal had lapsed.  Seeking post-judgment discovery pertains to the judgment and E-Pass has authorized its previous local counsel which resides within this judicial district to produce those documents requested of it.

Objection, this interrogatory constitutes at least two (2) subparts since requesting that our client make of identify any valuation of each of its assets is not logically subsumed within and necessarily related to the initial question of identifying each asset but instead constitutes a discrete question.  *See, inter alia, Safeco of America v. Rawstron*, 181 F.R.D. 441, 445 (C.D. Ca. 1998) (holding that subparts are to be counted as one interrogatory if logically or factually subsumed within and necessarily related to the primary question); and, *Trevino v. ACB American, Inc.*, 232 F.R.D. 612, 614 (N.D. Ca. 2006) (holding the same finding multiple subparts).  Objection, the definition of "identify" constitutes a further improper attempt to circumvent the subpart limitations on interrogatories.  In particular, Defendant's definition of identify is the following, amounting to numerous discrete questions not logically or factually subsumed within the initial question of the date, identifying or descriptive code, name of person who signed a document, and name of person to whom the document was addressed:

The terms "identify," "specify," "explain," and "state" mean:

(a) when applicable to a document, to provide at least:
    (i) the date appearing on the document, and if no date appears thereon, the answer shall so state and shall give the date or approximate date such document was prepared;
    (ii) the identifying or descriptive Bates or other code number, file number, title or label of such document;
    (iii) the general nature or description of such document (i.e., whether it is a letter, memorandum, drawing, etc.) and the number of pages of which it consists;
    (iv) the name of the person who signed such document, and if it was no [sic] signed, the answer shall so state and shall give the name of each person or persons who prepared it;
    (v) any other authors and/or recipients;
    (vi) the name of the person to whom such document was addressed and the name of each person other than such addressee to whom such document or copies thereof were given or sent;
    (vii) the name of the person having possession, custody, or control of such document;
    (viii) whether or not any draft, copy or reproduction of such document

5

contains any postscript, notation, change, or addendum not appearing on the original of said document, and if so, the answer shall give the description as herein defined of each such draft, copy or reproduction;

   (ix) if such document was but is no longer in your possession or subject to your control, state what disposition was made of it and when and explain the circumstances of such disposition; and

   (x) if any such document is located in the hands of legal counsel, the term "identify" additionally means to state the location of the document immediately prior to its coming into the hands of legal counsel and identify the person who had prior custody of the document;

(b) when applicable to a natural person, to provide at least:

   (i) the person's full name and last known residential address;

   (ii) the name and address of the person's last known employer; and

   (iii) the person's last known title or position of employment;

(c) when applicable to an entity, to provide at least:

   (i) the full name of the entity;

   (ii) the last known address of its principal office or place of business;

   (iii) the type of entity (e.g., whether it is a corporation, partnership, or other type of entity);

   (iv) the state, commonwealth, or territory of the United States or other government body in which it is registered to do business, together with the dates of registration; and

(d) when applicable to an oral communication, to provide at least:

   (i) the date, time and place of the communication;

   (ii) the manner and substance of the communication;

   (iii) the names of all persons who participated in, listened to, or had access to transcripts or summaries of the communication; and

   (iv) the identity of all documents that memorialize, commemorate, summarize, record, or directly refer or relate in whole or in part to such communication.

Without waiving the general and specific objections above or previously served, E-Pass supplements its previous response to this request as follows:   E-Pass has no assets located within the United States.   E-Pass owns several patents on its technology, including U.S. Patent No. 5,276,311, which is in E-Pass's possession in the United Kingdom.   The other patents owned by E-Pass issued from other countries and cover subject matter related to the innovation disclosed in this U.S. patent.   E-Pass presently has no objective, independent valuation of this patent, but has produced as PJ00721 - PJ01294 a report from David Musker and Stephen Groom pertaining to certain of these patents, separate expert reports from Walter Bratic, Thomas La Porta, and R. Polk Wagner, and Joseph P. Francini, a portion of an expert report of James B. Gambrell, and a memorandum of understanding from Michael Cooper, each pertaining to the U.S. patent.   E-Pass also refers Defendant to the January 12, 2007 and May 2,

CISLO & THOMAS LLP
Attorneys at Law
1333 2nd Street
SUITE 500
SANTA MONICA, CALIFORNIA 90401-4110
TELEPHONE: (310) 450-0647   FACSIMILE: (310) 394-4477

1  2007 decisions by the Federal Circuit, but has in its possession no other objective, independent

2  reports or opinions pertaining to any of these patents.

3

4  **Interrogatory No. 2.**

5      Identify all past and present officers, board members, employees, and contractors of

6  E-PASS, including all E-PASS positions held and all relationships with E-PASS by each

7  identified person and the dates during which such position was held.

8

9  **Supplemental Objections and Response to Interrogatory No. 2.**

10     Objection, vague and ambiguous, including in regard to terms and phrases such as

11  "contractors," and "all relationships." Absent any dispute by Defendant, E-Pass will construe

12  the term "contractor" as meaning any contractor involving a contract of $10,000 or more since

13  June 2004. Absent any dispute by Defendant, E-Pass will construe the phrase "all

14  relationships" as meaning the title(s) in relation to any officer, board member, or employee of

15  E-Pass and, in relation to any contractor, as meaning the general type of contracted services.

16     Objection, overly broad, unduly burdensome, and oppressive. The interrogatory asks

17  for the identification of all positions held and all relationships with E-Pass imposing a search for

18  information that would be unreasonable under the circumstances and under the Federal Rules

19  and applicable case law.

20     Objection, not relevant to any presently ripe claim or defense in this matter, nor

21  reasonably calculated to lead to the discovery of admissible evidence. The district court case is

22  closed as is its discovery periods. Local Rule 26-2 prohibits parties from propounding

23  discovery outside of the discovery period without first obtaining an order of the Court upon a

24  showing of good cause or from filing any motion to compel discovery response more than seven

25  court days after the discovery cut-off. Additionally, 28 U.S.C. § 1963 prohibits enforcing a

26  judgment beyond the district in which the judgment was entered until all appeals have been

27  exhausted or until after the time for appeal had lapsed. Seeking post-judgment discovery

28  pertains to the judgment and E-Pass has authorized its previous local counsel which resides

CISLO & THOMAS LLP
Attorneys at Law
1333 2ND STREET
SUITE 500
SANTA MONICA, CALIFORNIA 90401-4110
TELEPHONE: (310) 450-0647   FACSIMILE: (310) 394-4477

7

CISLO & THOMAS LLP
*Attorneys at Law*
1333 2ND STREET
SUITE 500
SANTA MONICA, CALIFORNIA 90401-4110
TELEPHONE: (310) 450-0647    FACSIMILE: (310) 394-4477

1   within this judicial district to produce those documents requested of it.

2   Objection, this interrogatory constitutes at least two (2) subparts since requesting our
3   client to list off all of its past and present contractors is not logically or factually subsumed
4   within and necessarily related to the initial question of the identity of all past and present
5   officers, board members and employees, constituting instead a discrete question and involves a
6   discrete factual investigation. *See, inter alia, Safeco of America v. Rawstron*, 181 F.R.D. 441,
7   445 (C.D. Ca. 1998) (holding that subparts are to be counted as one interrogatory if logically or
8   factually subsumed within and necessarily related to the primary question); and, *Trevino v. ACB*
9   *American, Inc.*, 232 F.R.D. 612, 614 (N.D. Ca. 2006) (holding the same finding multiple
10   subparts).   Objection, the definition of "identify" constitutes a further improper attempt to
11   circumvent the subpart limitations on interrogatories as discussed in the supplemental objection
12   and response to Interrogatory No. 1, above.

13   Without waiving the general and specific objections above or previously served, E-Pass
14   supplements its previous response to this request as follows:  Hartmut Hennige is and has been
15   the president of E-Pass from its formation.   Stephen Weiss, Esq., was the secretary and
16   treasurer of E-Pass from its formation to on or about June 3, 2005.  E-Pass has produced as
17   PJ00686 - PJ00695 its formal corporate filings equally available from the Delaware Secretary
18   of State, as well as the resignation letters from Mr. Weiss.  E-Pass also refers Defendant to
19   PJ01467 - PJ01518 for checks in excess of $10,000 since June 2004 and some that precede this
20   date.

21

22   **Interrogatory No. 3.**

23   Set forth an accounting of all credits and debits to all accounts of E-PASS from the time
24   the company was founded until present, including the amount of each credit or debit, date,
25   purpose, and entity that paid or received the credit or debit.

26

27   **Supplemental Objections and Response to Interrogatory No. 3.**

28   Objection, seeks disclosure of confidential business information or otherwise seeks to

8

1    invade the privacy and financial privacy of any third party.   The balancing test favors

2    nondisclosure here since, among other things, there is neither present public need nor any

3    present interest of Defendant and under 28 U.S.C. § 1963 no such interest will exist until the

4    appeal is resolved, and then, only if such resolution is in Defendant's favor.

5        Objection, the interrogatory appears to be designed to harass third parties and interfere

6    with their business relationships with E-Pass.   In particular, Defendant is prematurely

7    attempting to collect on the attorneys' fees award by acquiring any retainer amount that E-Pass

8    might have delivered to its appeal counsel in its attempt to appeal this very award.

9    Additionally, Defendant has no basis for contending that E-Pass has committed any action that

10   might support a piercing the corporate veil, and nevertheless appears intent on performing a

11   fishing expedition of E-Pass and anyone and any entity who has any relations to E-Pass.

12       Objection, vague and ambiguous, including in regard to terms and phrases such as

13   "purpose."   Absent any dispute by Defendant, E-Pass will construe the term "purpose" as

14   meaning "financial or monetary benefit."   Also, the phrase "entity that paid or received the

15   credit or debit" is unduly vague and ambiguous, and absent any dispute from Defendant, E-Pass

16   will construe this phrase as meaning any entity that paid any credit to or received any debit

17   from E-Pass.

18       Objection, overly broad, unduly burdensome, and oppressive.   The interrogatory asks

19   for the identification of "all" credits and debits to "all" accounts imposing a search for

20   information that would be unreasonable under the circumstances and under the Federal Rules

21   and applicable case law.

22       Objection, not relevant to any presently ripe claim or defense in this matter, nor

23   reasonably calculated to lead to the discovery of admissible evidence.   The district court case is

24   closed as is its discovery periods.   Local Rule 26-2 prohibits parties from propounding

25   discovery outside of the discovery period without first obtaining an order of the Court upon a

26   showing of good cause or from filing any motion to compel discovery response more than seven

27   court days after the discovery cut-off.   Additionally, 28 U.S.C. § 1963 prohibits enforcing a

28   judgment beyond the district in which the judgment was entered until all appeals have been

CISLO & THOMAS LLP
Attorneys at Law
SUITE 500
1333 2ND STREET
SANTA MONICA, CALIFORNIA 90401-4110
TELEPHONE: (310) 450-0647   FACSIMILE: (310) 394-4477

1 exhausted or until after the time for appeal had lapsed.   Seeking post-judgment discovery

2 pertains to the judgment and E-Pass has authorized its previous local counsel which resides

3 within this judicial district to produce those documents requested of it.

4      Objection, this interrogatory constitutes at least two (2) subparts since requesting the

5 "purpose" for a credit or debit is not logically subsumed within the initial question of

6 accounting for all credits and debits but constitutes a discrete question. *See, inter alia, Safeco*

7 *of America v. Rawstron*, 181 F.R.D. 441, 445 (C.D. Ca. 1998) (holding that subparts are to be

8 counted as one interrogatory if logically or factually subsumed within and necessarily related to

9 the primary question); and, *Trevino v. ACB American, Inc.*, 232 F.R.D. 612, 614 (N.D. Ca.

10 2006) (holding the same finding multiple subparts).

11      Without waiving the general and specific objections above or previously served, E-Pass

12 supplements its previous response to this request as follows:   E-Pass received loans from

13 Niama-Capital GmbH and Cuatros GmbH, both located in Germany, and has paid attorneys'

14 fees to Moses & Singer, E-Pass's district court counsel.   E-Pass's documents produced as

15 PJ01297 - PJ01298 constitute a list of the loans E-Pass has received.   E-Pass's documents

16 produced as PJ00001 - PJ000685 and PJ01523 - PJ01531 constitute payments made to E-Pass's

17 litigation attorneys.   E-Pass's documents produced as PJ01369 - PJ01518 constitute E-Pass's

18 corporate checking account records, and individual checks made out to the identified entities.

19

20 **Interrogatory No. 4.**

21      Set forth an accounting of E-PASS'S corporate capital on a monthly (or more frequent)

22 basis from the time the company was founded until present, including the amount of capital, all

23 capital contributions and deductions, consideration given or taken in exchange for contribution

24 or deduction, date of every contribution or deduction, identity of contributor or entity receiving

25 the deducted capital, and purpose of every contribution or deduction.

26

27

28

CISLO & THOMAS LLP
*Attorneys at Law*
1333 2ND STREET
SUITE 500
SANTA MONICA, CALIFORNIA 90401-4110
TELEPHONE: (310) 450-6647   FACSIMILE: (310) 394-4477

**Supplemental Objections and Response to Interrogatory No. 4.**

Objection, compound and confusing, posing multiple questions and seeking multiple answers.

Objection, seeks disclosure of confidential business information or otherwise seeks to invade the privacy and financial privacy of any third party.   The balancing test favors nondisclosure here since, among other things, there is neither present public need nor any present interest of Defendant and under 28 U.S.C. § 1963 no such interest will exist until the appeal is resolved, and then, only if such resolution is in Defendant's favor.

Objection, vague and ambiguous, including in regard to terms and phrases such as "consideration," "the deducted capital," and "purpose."   Absent any dispute by Defendant, E-Pass will construe the terms "consideration" and "purpose" as meaning "financial or monetary benefit."   Absent any dispute by Defendant, E-Pass will construe the phrase "the deducted capital" as meaning the capital that was transferred from E-Pass.

Objection, overly broad, unduly burdensome, and oppressive.   The interrogatory asks for the identification of "all" capital contributions and deductions and "every" contribution or deduction imposing a search for information that would be unreasonable under the circumstances and under the Federal Rules and applicable case law.

Objection, not relevant to any presently ripe claim or defense in this matter, nor reasonably calculated to lead to the discovery of admissible evidence.   The district court case is closed as is its discovery periods.   Local Rule 26-2 prohibits parties from propounding discovery outside of the discovery period without first obtaining an order of the Court upon a showing of good cause or from filing any motion to compel discovery response more than seven court days after the discovery cut-off.   Additionally, 28 U.S.C. § 1963 prohibits enforcing a judgment beyond the district in which the judgment was entered until all appeals have been exhausted or until after the time for appeal had lapsed.   Seeking post-judgment discovery pertains to the judgment and E-Pass has authorized its previous local counsel which resides within this judicial district to produce those documents requested of it.

11

Objection, this interrogatory constitutes at least three (3) subparts because requesting "all capital contributions and deductions" is not logically subsumed within the initial request for a monthly accounting of E-Pass's corporate capital and requesting the "purpose" for each contribution or deduction is yet another discrete question not logically subsumed within this initial request. *See, inter alia, Safeco of America v. Rawstron*, 181 F.R.D. 441, 445 (C.D. Ca. 1998) (holding that subparts are to be counted as one interrogatory if logically or factually subsumed within and necessarily related to the primary question); and, *Trevino v. ACB American, Inc.*, 232 F.R.D. 612, 614 (N.D. Ca. 2006) (holding the same finding multiple subparts).

Without waiving the general and specific objections above or previously served, E-Pass supplements its previous response to this request as follows: E-Pass received loans from Niama-Capital GmbH and Cuatros GmbH, both located in Germany. E-Pass's documents produced as PJ01297 - PJ01298 constitute a list of the loans E-Pass has received. E-Pass's documents produced as PJ01295 - PJ01296 and PJ01520 - PJ01522 constitute a list of its shareholders.

E-Pass received funding from each of its shareholders in the amount of $1 per share, other than Mr. Hennige who instead provided his services and his patented technology in exchange for his shares of E-Pass. E-Pass's documents produced as PJ00001 - PJ000685 and PJ01523 - PJ01531 constitute payments made to E-Pass's litigation attorneys. E-Pass's documents produced as PJ01369 - PJ01518 constitute E-Pass's corporate checking account records, and individual checks made out to the identified entities.

**Interrogatory No. 5.**

Identify all past and present owners of any interest in E-PASS and entities to which any ownership interest in E-PASS has ever been pledged, including the amount and type of ownership, amount and type of interest pledged, dates of ownership or pledge, and consideration given for the ownership interest or pledge.

12

CISLO & THOMAS LLP
*Attorneys at Law*
SUITE 300
1333 2ND STREET
SANTA MONICA, CALIFORNIA 90401-4110
TELEPHONE: (310) 450-0647   FACSIMILE: (310) 394-4477

**Supplemental Objections and Response to Interrogatory No. 5.**

Objection, seeks disclosure of confidential business information or otherwise seeks to invade the privacy and financial privacy of any third party. The balancing test favors nondisclosure here since, among other things, there is neither present public need nor any present interest of Defendant and under 28 U.S.C. § 1963 no such interest will exist until the appeal is resolved, and then, only if such resolution is in Defendant's favor.

Objection, vague and ambiguous, including in regard to terms and phrases such as "interest," "pledged," "type," and "consideration." Absent any dispute by Defendant, E-Pass will construe the term "interest" as meaning an ownership interest in E-Pass. Absent any dispute by Defendant, E-Pass will construe the term "pledged" as meaning a formal written pledge. Absent any dispute by Defendant, E-Pass will construe the term "type" as meaning an objective, formal category of ownership interest or pledged interest maintained in E-Pass's usual course of business. Absent any dispute by Defendant, E-Pass will construe the term "consideration" as meaning "financial or monetary benefit."

Objection, vague and indefinite as to time.

Objection, overly broad, unduly burdensome, and oppressive. The interrogatory asks for the identification of "all" past and present owners of "any" interest in E-Pass imposing a search for information that would be unreasonable under the circumstances and under the Federal Rules and applicable case law.

Objection, not relevant to any presently ripe claim or defense in this matter, nor reasonably calculated to lead to the discovery of admissible evidence. The district court case is closed as is its discovery periods. Local Rule 26-2 prohibits parties from propounding discovery outside of the discovery period without first obtaining an order of the Court upon a showing of good cause or from filing any motion to compel discovery response more than seven court days after the discovery cut-off. Additionally, 28 U.S.C. § 1963 prohibits enforcing a judgment beyond the district in which the judgment was entered until all appeals have been exhausted or until after the time for appeal had lapsed. Seeking post-judgment discovery

13

CISLO & THOMAS LLP
*Attorneys at Law*
1333 2ND STREET
SUITE 500
SANTA MONICA, CALIFORNIA 90401-4110
TELEPHONE: (310) 450-0647    FACSIMILE: (310) 394-4477

1    pertains to the judgment and E-Pass has authorized its previous local counsel which resides

2    within this judicial district to produce those documents requested of it.

3        Objection, this interrogatory constitutes at least four (4) subparts because the question as

4    it pertains to "entities to which . . . E-Pass has ever . . . pledged" an ownership interest is not

5    logically subsumed within the initial request pertaining to current "owners of any interest."

6    Furthermore, requesting E-Pass to identify the consideration given for the ownership interest or

7    pledge is yet another discrete question not logically subsumed within either of the foregoing

8    separate questions. *See, inter alia, Safeco of America v. Rawstron*, 181 F.R.D. 441, 445 (C.D.

9    Ca. 1998) (holding that subparts are to be counted as one interrogatory if logically or factually

10   subsumed within and necessarily related to the primary question); and, *Trevino v. ACB*

11   *American, Inc.*, 232 F.R.D. 612, 614 (N.D. Ca. 2006) (holding the same finding multiple

12   subparts).   Objection, the definition of "identify" constitutes a further improper attempt to

13   circumvent the subpart limitations on interrogatories as discussed in the supplemental objection

14   and response to Interrogatory No. 1, above.

15       Without waiving the general and specific objections above or previously served, E-Pass

16   supplements its previous response to this request as follows:  E-Pass's documents produced as

17   PJ01295 - PJ01296 and PJ01520 - PJ01522 constitute a list of its shareholders.

18

19   **Interrogatory No. 6.**

20       Identify all entities who have ever satisfied in full or in part any debt or other obligation

21   of E-PASS and the specifics of any such transaction, including the date, amount of debt or

22   obligation, amount of the debt or other obligation satisfied, entities satisfying the debt or

23   obligation, and all reasons for the entities' satisfaction of the debt or obligation.

24

25   **Supplemental Objections and Response to Interrogatory No. 6.**

26       Objection, seeks disclosure of confidential business information or otherwise seeks to

27   invade the privacy and financial privacy of any third party.   The balancing test favors

28   nondisclosure here since, among other things, there is neither present public need nor any

14

1    present interest of Defendant and under 28 U.S.C. § 1963 no such interest will exist until the

2    appeal is resolved, and then, only if such resolution is in Defendant's favor.

3        Objection, seeks disclosure of confidential business information or otherwise seeks to

4    invade the privacy and financial privacy of any third party.   The balancing test favors

5    nondisclosure here since, among other things, there is no present public need nor any present

6    interest of Defendant and will not be under 28 U.S.C. § 1963 until the appeal is resolved and

7    unless after such resolution Defendant has a money judgment to enforce.

8        Objection, the interrogatory appears to be designed to harass third parties and interfere

9    with their business relationships with E-Pass.   In particular, Defendant is prematurely

10   attempting to collect on the attorneys' fees award by acquiring any retainer amount that E-Pass

11   might have delivered to its appeal counsel in its attempt to appeal this very award.

12   Additionally, Defendant has no basis for contending that E-Pass has committed any action that

13   might support a piercing the corporate veil, and nevertheless appears intent on performing a

14   fishing expedition of E-Pass and anyone and any entity who has any relations to E-Pass.

15       Objection, vague and ambiguous, including in regard to terms and phrases such as

16   "obligation," "the specifics of any such transaction, including," and "all reasons for."   Absent

17   any dispute by Defendant, E-Pass will construe the term "obligation" as meaning a formal

18   written demand for money owed by E-Pass that E-Pass received in its usual course of business.

19   Absent any dispute by Defendant, E-Pass will construe the phrase "all reasons for" as meaning

20   "all financial or monetary benefits."   Absent any dispute by Defendant, E-Pass will construe

21   the phrase "the specifics of any such transaction, including" as superfluous of the surrounding

22   words and meaning only "and [] the date, amount of debt or obligation, amount of the debt or

23   other obligation satisfied, entities satisfying the debt or obligation, and" any one benefit

24   received or expected in exchange for the satisfaction of the debt or obligation.

25       Objection, overly broad, unduly burdensome, and oppressive.   The interrogatory asks

26   for the identification of "all" entities who have ever satisfied E-Pass' obligations imposing a

27   search for information that would be unreasonable under the circumstances and under the

28   Federal Rules and applicable case law.

15

1    Objection, not relevant to any presently ripe claim or defense in this matter, nor

2    reasonably calculated to lead to the discovery of admissible evidence. The district court case is

3    closed as is its discovery periods. Local Rule 26-2 prohibits parties from propounding

4    discovery outside of the discovery period without first obtaining an order of the Court upon a

5    showing of good cause or from filing any motion to compel discovery response more than seven

6    court days after the discovery cut-off. Additionally, 28 U.S.C. § 1963 prohibits enforcing a

7    judgment beyond the district in which the judgment was entered until all appeals have been

8    exhausted or until after the time for appeal had lapsed. Seeking post-judgment discovery

9    pertains to the judgment and E-Pass has authorized its previous local counsel which resides

10   within this judicial district to produce those documents requested of it.

11   Objection, this interrogatory constitutes at least three (3) subparts since requesting the

12   "amount of [a] debt or obligation" is a distinct question not subsumed within the initial question

13   which requested the identity of "all entities who have ever satisfied in full or in part any debt or

14   other obligation." Furthermore, both of these questions are also logically and factually distinct

15   questions from requesting "all reasons for the entities' satisfaction of the debt or obligation," to

16   the minimal extent that this last phrase may be understood. *See, inter alia, Safeco of America*

17   *v. Rawstron*, 181 F.R.D. 441, 445 (C.D. Ca. 1998) (holding that subparts are to be counted as

18   one interrogatory if logically or factually subsumed within and necessarily related to the

19   primary question); and, *Trevino v. ACB American, Inc.*, 232 F.R.D. 612, 614 (N.D. Ca. 2006)

20   (holding the same finding multiple subparts). Objection, the definition of "identify" constitutes

21   a further improper attempt to circumvent the subpart limitations on interrogatories as discussed

22   in the supplemental objection and response to Interrogatory No. 1, above.

23   Without waiving the general and specific objections above or previously served, E-Pass

24   supplements its previous response to this request as follows: E-Pass received loans from

25   Niama-Capital GmbH and Cuatros GmbH, both located in Germany. E-Pass's documents

26   produced as PJ01297 - PJ01298 constitute a list of the loans E-Pass has received, and E-Pass's

27   documents produced as PJ01295 - PJ01296 and PJ01520 - PJ01522 constitute a list of its

28   shareholders:

CISLO & THOMAS LLP
Attorneys at Law
1333 2ND STREET
SUITE 500
SANTA MONICA, CALIFORNIA 90401-4110
TELEPHONE: (310) 450-0647   FACSIMILE: (310) 394-4477

16

1    E-Pass received funding from each of its shareholders in the amount of $1 per share,

2    other than Mr. Hennige who instead provided his services and his patented technology in

3    exchange for his shares of E-Pass.

4    **Interrogatory No. 7.**

5    Separately for each of ACCESS's post-judgment interrogatories, identify each person

6    who and all documents that supplied factual information used in preparing any of the responses

7    to the interrogatories.

8

9    **Supplemental Objections and Response to Interrogatory No. 7.**

10    Objection, this interrogatory constitutes at least thirty-two (32) subparts since it asks two

11    separate and discrete subpart questions (namely, requesting E-Pass first to identify "each person

12    who . . . supplied factual information" and second to identify "all documents that supplied

13    factual information") in regards to each of the foregoing interrogatories, which in total had

14    sixteen subparts among them.    *Safeco of America*, 181 F.R.D. at 446 (interrogatory

15    incorporating by reference 50 requests for admissions constituted 50 discrete subparts), and at

16    445 (holding that subparts are to be counted as one interrogatory if logically or factually

17    subsumed within and necessarily related to the primary question); and, *Trevino v. ACB*

18    *American, Inc.*, 232 F.R.D. 612, 614 (N.D. Ca. 2006) (holding the same finding multiple

19    subparts).   Objection, the definition of "identify" constitutes a further improper attempt to

20    circumvent the subpart limitations on interrogatories as discussed in objection to Interrogatory

21    No. 1, above.

22    To the extent incorporates a previous interrogatory, E-Pass likewise incorporates its

23    objections to the previous interrogatory.

24    Objection, seeks information protected by the attorney work product immunity.

25

26    ///

27    ///

28    ///

17

Without waiving the general and specific objections above or previously served, E-Pass supplements its response to this request as follows: Hartmut Hennige, Peter Reisser, Squire Sanders & Dempsey LLP, and Moses & Singer LLP, and supplied factual information used in preparing the foregoing supplemental responses to Defendant's interrogatories. Documents that supplied factual information include E-Pass's corporate formation and state filing documents, E-Pass's checking account records, attorney invoices, the client files from Squire Sanders & Dempsey LLP, expert reports from Moses & Singer LLP, and certain papers copied from the records of the related action against Microsoft and Compaq.

Respectfully submitted,

CISLO & THOMAS LLP

Dated: May 19, 2008        By: _____
                                Daniel M. Cislo, Esq.
                                Kelly W. Cunningham, Esq.

Attorneys for Plaintiff
E-PASS TECHNOLOGIES, INC.

T:\08-20696\E-Pass' suppl response to post-judgment interrogatories by PalmSource.DOC

18

## VERIFICATION

I have read the foregoing document, PLAINTIFF E-PASS TECHNOLOGIES, INC.'S SUPPLEMENTAL RESPONSES TO DEFENDANT ACCESS SYSTEMS AMERICAS, INC.'S FIRST SET OF POST-JUDGMENT INTERROGATORIES, and know its contents.

I am President of E-PASS TECHNOLOGIES, INC., the Plaintiff in this action, and am authorized to make this verification for and on its behalf, and I make this verification for that reason.

I am informed and believe and on that ground allege that the supplemental responses in the foregoing document are true and correct.

The matters stated in the foregoing document are true of my own knowledge, except as to those matters which are stated on information and belief, and as to those matters, I believe them to be true.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 18th day of May, 2008 at _Kirh Ella_ .
                                                    City/Country

E-PASS TECHNOLOGIES, INC.

Hartmut Hennige, President

## PROOF OF SERVICE

I am over the age of eighteen (18) years, employed in the County of Los Angeles, and not a party to the above-entitled action. My business address is 1333 2nd Street, Suite 500, Santa Monica, California 90401-4110.

On Monday, May 19, 2008, I served:

**PLAINTIFF E-PASS TECHNOLOGIES, INC.'S SUPPLEMENTAL RESPONSES TO DEFENDANT ACCESS SYSTEMS AMERICAS, INC.'S FIRST SET OF POST-JUDGMENT INTERROGATORIES**

by email transmission and by Federal Express to the following addressees:

M. Elizabeth Day, Esq.
Vincent Lam, Esq.
DLA PIPER RUDNICK GRAY CARY LLP
2000 University Avenue
East Palo Alto, California 94303-2248
Email:  elizabeth.day@dlapiper.com
          vincent.lam@dlapiper.com

and

John Allcock, Esq.
Edward H. Sikorski, Esq.
DLA PIPER RUDNICK GRAY CARY LLP
401 B Street, Suite 2000
San Diego, California 92101-4240
Email:  john.allcock@dlapiper.com
          ed.sikorski@dlapiper.com

Attorneys for
Defendants 3COM, INC., PALM, INC.,
PALMONE, INC., and HANDSPRING, INC.

Madison C. Jellins, Esq.
Julie J. Han, Esq.
TOWNSEND AND TOWNSEND AND CREW
379 Lytton Avenue
Palo Alto, California 94301
Email:  mcjellins@townsend.com
          jjhan@townsend.com

Attorneys for
Defendant VISA INC. (formerly VISA
INTERNATIONAL SERVICE ASSOCIATION and
VISA USA, INC.)

Mark D. Rowland, Esq.
Andrew T. Oliver, Esq.
ROPES & GRAY LLP
525 University Avenue
Palo Alto, California 94301-1903
Email:  mark.rowland@ropesgray.com
          andrew.oliver@ropesgray.com

Attorneys for
Defendant ACCESS SYSTEMS AMERICAS, INC.
(formerly PALMSOURCE, INC.)

I declare, under penalty of perjury under the laws of the United States that the foregoing is true and that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.

Executed on Monday, May 19, 2008, at Santa Monica, California.

Christopher Eckart

EXHIBIT 26



**CISLO & THOMAS LLP**

*Attorneys at Law*

1333 2ND STREET
SUITE 500
SANTA MONICA, CA 90401-4110
L.A. (323) 870-1163
(310) 451-0647
FACSIMILE (310) 394-4477
WWW.CISLO.COM

PROCUREMENT AND ENFORCEMENT
OF INTELLECTUAL PROPERTY

4300 LONG BEACH BLVD.
SUITE 405
LONG BEACH, CA 90807-2008
(562) 595-8422

PATENT, TRADEMARK
COPYRIGHT & RELATED MATTERS

2829 TOWNSGATE ROAD
SUITE 310
WESTLAKE VILLAGE, CA 91361-3006
(805) 496-1164

March 27, 2008

> **VIA EMAIL AND FEDERAL EXPRESS**
> EMAIL ADDRESS: andrew.oliver@ropesgray.com

Andrew T. Oliver, Esq.
Ropes & Gray LLP
525 University Avenue
Palo Alto, California 94301

     Re: *E-Pass Technologies, Inc. v. 3Com Corp. et al.* **and Related District
       Court Actions (Our Ref.: 08-20696)**

Dear Mr. Oliver:

     Even though we continue to consider your post-judgment discovery requests improper and premature for the number of grounds that we have identified in our meet and confer and reasserted in our two letters following our meet and confer, in an effort to provide you with responsive documents as soon as possible, we enclose by Federal Express responsive documents that we are able to provide you today. You will notice that many of them are stamped, "Highly Confidential - - For Attorney's Eyes Only" and we trust that you will treat them accordingly under the operative protective order.

     We of course reserve the right to supplement this document production upon receipt of any additional responsive documents. As we mentioned in our earlier letters that precede your motion to compel, we also have supplemental responses to your interrogatories, and we are awaiting verification of the supplemental responses from our client. We should be getting these to you very shortly. We are also in the process of completing the supplemental responses to your document requests, which, again, we had assured you we were preparing before you file your motion to compel. We had to revise these supplemental responses as a result of our authorization to produce

This message is intended only for the use of the individual or entity to which it is addressed, and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone and return the original message to us at the above address via the U.S. Postal Service. Thank you.

CISLO & THOMAS LLP
*Attorneys at Law*

Andrew T. Oliver, Esq.
Ropes & Gray LLP
March 27, 2008
Page 2

the enclosed responsive documents and our client's supplemental response to your interrogatories -- even though your post-judgment discovery requests were, among other things, improper and premature for the number of grounds that we have previously identified. We nevertheless are producing these documents in good faith and despite these valid grounds for objection.

You will notice from just the enclosed attorney invoices, which presently amount to only roughly half of the total number of attorney invoices for this and the *Microsoft* litigation, that E-Pass paid its attorneys in excess of $6.7 million in attorneys fees and costs in this and the *Microsoft* litigation. We assure you that we have requested the remaining attorney invoices from Moses & Singer, and we hope to receive them shortly. We also assure you that we expect to obtain a copy of E-Pass's corporate formation documents from a third party, which apparently is not Mr. Weiss's firm, and we will produce this to you as well as soon as we have had an opportunity to review them for any privileged material.

We therefore request that you withdraw your motion to compel and work with us on what other documents and information you will be demanding in light of the enclosed documents.

Meanwhile, if you should have any questions or comments regarding these matters, do not hesitate to contact our office.

Very truly yours,

CISLO & THOMAS LLP

Kelly W. Cunningham/ce

KWC:ce

Enclosures (via Federal Express only)
E-Pass Post-Judgment Document Production, Bates Nos. PJ00001 - PJ00720

T:\08-20690\Letter to Oliver re produced responsive documents.DOC

**EXHIBIT  27**

Daniel M. Cislo, Esq., No. 125,378
Kelly W. Cunningham, Esq., No. 186,229
CISLO & THOMAS LLP
1333 2nd Street, Suite 500
Santa Monica, California 90401
Telephone: (310) 451-0647
Telefax: (310) 394-4477
Email:   dancislo@cislo.com
         kcunningham@cislo.com

Attorneys for Plaintiff
E-PASS TECHNOLOGIES, INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA - OAKLAND DIVISION

| | |
|---|---|
| E-PASS TECHNOLOGIES, INC., <br><br> Plaintiff, <br><br> vs. <br><br> 3COM CORP. AND PALM, INC., <br><br> Defendants. | ) CASE NO. C-00-2255 DLJ <br> ) CASE NO. C-03-4747 DLJ <br> ) CASE NO. C-04-0528 DLJ <br> ) **Related Cases** <br> ) <br> ) <br> ) **PLAINTIFF E-PASS TECHNOLOGIES,** <br> ) **INC.'S SECOND SUPPLEMENTAL** <br> ) **RESPONSES TO DEFENDANT ACCESS** <br> ) **SYSTEMS AMERICAS, INC.'S FIRST** <br> ) **SET OF POST-JUDGMENT** |
| E-PASS TECHNOLOGIES, INC., <br><br> Plaintiff, <br><br> vs. <br><br> VISA INTERNATIONAL SERVICE ASSOCIATION and VISA U.S.A., INC., <br><br> Defendants. | ) **INTERROGATORIES** <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |
| E-PASS TECHNOLOGIES, INC., <br><br> Plaintiff, <br><br> vs. <br><br> PALMONE, INC., PALMSOURCE, INC. AND HANDSPRING, INC., <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

PROPOUNDING PARTY:    DEFENDANT ACCESS SYSTEMS AMERICAS, INC. (formerly PALMSOURCE, INC.)

RESPONDING PARTY:    PLAINTIFF E-PASS TECHNOLOGIES, INC.

SET NUMBER:    ONE (1)

In an abundance of caution, Plaintiff E-PASS TECHNOLOGIES, INC.'s ("E-Pass") hereby further supplements its responses to Defendant ACCESS SYSTEMS AMERICAS, INC.'S, formerly PALMSOURCE, INC., ("Defendant") First Set of Post-Judgment Interrogatories. E-Pass hereby incorporates by this reference all of the definitions, objections and responses contained in its supplemental responses to these interrogatories.

## SECOND SUPPLEMENTAL RESPONSES TO FIRST SET OF INTERROGATORIES

### Interrogatory No. 1.

Identify every asset of E-PASS, including the type of asset, value of the asset, location of the asset, and custodian of the asset, including all account numbers and financial institution identifying information.

### Second Supplemental Response to Interrogatory No. 1.

Without waiving E-Pass's previously served general and specific objections, E-Pass further supplements its previous response to this interrogatory as follows: E-Pass has no assets anywhere in the world except the capital in its two Citibank accounts (one savings account and one checking account) and its intellectual property, including U.S. Patent No. 5,276,311 and the other patents owned by E-Pass issued from other countries as listed in the report from David Musker and Stephen Groom, which E-Pass has produced as PJ01270 - PJ01292. E-Pass presently has no objective, independent valuation of this patent, but has produced as PJ00721 - PJ01294 a report from David Musker and Stephen Groom pertaining to certain of these patents; separate expert reports from Walter Bratic, Thomas La Porta, R. Polk Wagner, and Joseph P.

CISLO & THOMAS LLP
*Attorneys at Law*
SUITE 500
1333 2ND STREET
SANTA MONICA, CALIFORNIA 90401-4110
TELEPHONE: (310) 450-0647
FACSIMILE: (310) 394-4477

2

Francini; a portion of an expert report of James B. Gambrell; and a memorandum of understanding from Michael Cooper. E-Pass also refers Defendant to the January 12, 2007 and May 2, 2007 decisions by the Federal Circuit, but has in its possession no other objective, independent reports or opinions pertaining to any of these patents. As for a record of E-Pass's corporate capital, E-Pass has produced as PJ01300 – PJ01518 a copy of each bank Citibank checking and savings account statement that it has in its possession.

**Interrogatory No. 2.**

Identify all past and present officers, board members, employees, and contractors of E-PASS, including all E-PASS positions held and all relationships with E-PASS by each identified person and the dates during which such position was held.

**Second Supplemental Response to Interrogatory No. 2.**

Without waiving E-Pass's previously served general and specific objections, E-Pass further supplements its previous response to this interrogatory as follows: Hartmut Hennige is and has been the president of E-Pass from its formation, and Peter Reisser and Thomas Reisser are and have been vice-presidents of E-Pass since around July 7, 2004. Stephen Weiss, Esq., was the secretary and treasurer of E-Pass from its formation to around June 3, 2005 and June 24, 2005, respectively. E-Pass has never had any employees. E-Pass has produced as PJ00686 - PJ00695, PJ01519, and PJ01532 its formal corporate papers. E-Pass has also produced as PJ01467 - PJ01518 a copy of each check in its possession in excess of $10,000 since June 2004 and some that precede this date.

**Interrogatory No. 3.**

Set forth an accounting of all credits and debits to all accounts of E-PASS from the time the company was founded until present, including the amount of each credit or debit, date, purpose, and entity that paid or received the credit or debit.

3

**Second Supplemental Response to Interrogatory No. 3.**

Without waiving E-Pass's previously served general and specific objections, E-Pass further supplements its previous response to this interrogatory as follows: E-Pass received loans from Niama-Capital GmbH and Cuatros GmbH, both located in Germany, and has paid attorneys' fees to Moses & Singer, E-Pass's district court counsel. E-Pass's documents produced as PJ01297 - PJ01298 constitute a list of the loans E-Pass had received as of December 31, 2007, and E-Pass's documents produced as PJ01533 - PJ01534 and PJ01541 constitute E-Pass's documents related to all loans E-Pass has received after that date. E-Pass's documents produced as PJ00001 - PJ000685, PJ01523 - PJ01531, PJ01533 – PJ01535, and PJ01542 constitute E-Pass's documents related to payments made to E-Pass's litigation attorneys. As for a record of E-Pass's corporate capital, E-Pass produced as PJ01300 – PJ01518 a copy of each bank Citibank checking and savings account statement that it has in its possession as well as each individual check.

E-Pass has no subscription agreements in its possession. E-Pass is informed and believes that all such agreements were maintained by Stephen Weiss, Esq., first as E-Pass's secretary, and later as E-Pass's patent litigation counsel for discovery purposes. E-Pass is also informed and believes that all such agreements have already been produced in response to previous discovery requests. E-Pass has requested Mr. Weiss to produce all responsive documents either back to E-Pass or directly to Andrew Oliver, Esq. E-Pass has received no documents from Moses & Singer LLP in response to these requests. Mr. Weiss indicated that some or all of the requested documents might be with Mandel & Mandel, and as a result E-Pass has requested Mandel & Mandel to produce to E-Pass all responsive documents. E-Pass has received no documents from Mandel & Mandel in response to these requests.

CISLO & THOMAS LLP
Attorneys at Law
SUITE 500
1333 2ND STREET
SANTA MONICA, CALIFORNIA 90401-4110
TELEPHONE: (310) 450-0647   FACSIMILE: (310) 394-4477

**Interrogatory No. 4.**

Set forth an accounting of E-PASS'S corporate capital on a monthly (or more frequent) basis from the time the company was founded until present, including the amount of capital, all capital contributions and deductions, consideration given or taken in exchange for contribution or deduction, date of every contribution or deduction, identity of contributor or entity receiving the deducted capital, and purpose of every contribution or deduction.

**Second Supplemental Response to Interrogatory No. 4.**

Without waiving E-Pass's previously served general and specific objections, E-Pass further supplements its previous response to this interrogatory as follows:  E-Pass received loans from Niama-Capital GmbH and Cuatros GmbH, both located in Germany.   E-Pass's documents produced as PJ01297 - PJ01298 constitute a list of the loans E-Pass had received as of December 31, 2007, and E-Pass's documents produced as PJ01533 - PJ01534 and PJ01541 constitute E-Pass's documents related to all loans E-Pass has received after that date.   E-Pass's documents produced as PJ01295 - PJ01296 and PJ01520 - PJ01522 constitute a list of its shareholders.   E-Pass received funding from each of its shareholders in the amount of $1 per share, other than Mr. Hennige who instead provided his services and his patented technology in exchange for his shares of E-Pass.

E-Pass's documents produced as PJ01300 - PJ01518 constitute a copy of each bank Citibank checking and savings account statement that it has in its possession as well as each individual check.   E-Pass's documents produced as PJ00001 - PJ000685, PJ01523 - PJ01531, PJ01533 – PJ01535, and PJ01542 constitute E-Pass's documents related to payments made to E-Pass's litigation attorneys.

CISLO & THOMAS LLP
Attorneys at Law
SUITE 500
1333 2ND STREET
SANTA MONICA, CALIFORNIA 90401-4110
TELEPHONE: (310) 450-0647   FACSIMILE: (310) 394-4477

**Interrogatory No. 5.**

Identify all past and present owners of any interest in E-PASS and entities to which any ownership interest in E-PASS has ever been pledged, including the amount and type of ownership, amount and type of interest pledged, dates of ownership or pledge, and consideration given for the ownership interest or pledge.

**Second Supplemental Response to Interrogatory No. 5.**

Without waiving E-Pass's previously served general and specific objections, E-Pass further supplements its previous response to this interrogatory as follows: E-Pass's documents produced as PJ01295 - PJ01296 and PJ01520 - PJ01522 constitute a list of its shareholders. E-Pass has requested additional information concerning those shareholders that it does not have contact information, and obtained some additional information which was incorporated in these produced documents. Two requests, however, have not yet been answered. E-Pass will supplement this contact information as soon as it receives any additional information.

Some additional contact information is contained on the subscription agreements already produced. As mentioned above, E-Pass has no subscription agreements in its possession. E-Pass is informed and believes that all such agreements were maintained by Stephen Weiss, Esq., first as E-Pass's secretary, and later as E-Pass's patent litigation counsel for discovery purposes. E-Pass is also informed and believes that all such agreements have already been produced in response to previous discovery requests. E-Pass has requested Mr. Weiss to produce all responsive documents either back to E-Pass or directly to Andrew Oliver, Esq. E-Pass has received no documents from Moses & Singer LLP in response to these requests. Mr. Weiss indicated that some or all of the requested documents might be with Mandel & Mandel, and as a result E-Pass has requested Mandel & Mandel to produce to E-Pass all responsive documents. E-Pass has received no documents from Mandel & Mandel in response to these requests.

CISLO & THOMAS LLP
Attorneys at Law
SUITE 500
1333 2ND STREET
SANTA MONICA, CALIFORNIA 90401-4110
TELEPHONE: (310) 450-0647   FACSIMILE: (310) 394-4477

**Interrogatory No. 6.**

Identify all entities who have ever satisfied in full or in part any debt or other obligation of E-PASS and the specifics of any such transaction, including the date, amount of debt or obligation, amount of the debt or other obligation satisfied, entities satisfying the debt or obligation, and all reasons for the entities' satisfaction of the debt or obligation.

**Second Supplemental Response to Interrogatory No. 6.**

Without waiving E-Pass's previously served general and specific objections, E-Pass further supplements its previous response to this interrogatory as follows:  E-Pass received loans from Niama-Capital GmbH and Cuatros GmbH, both located in Germany.    E-Pass's documents produced as PJ01297 - PJ01298 constitute a list of the loans E-Pass had received as of December 31, 2007, and E-Pass's documents produced as PJ01533 - PJ01534 and PJ01541 constitute E-Pass's documents related to all loans E-Pass has received after that date.  E-Pass's documents produced as PJ01295 - PJ01296 and PJ01520 - PJ01522 constitute a list of its shareholders.  E-Pass received funding from each of its shareholders in the amount of $1 per share, other than Mr. Hennige who instead provided his services and his patented technology in exchange for his shares of E-Pass.

**Interrogatory No. 7.**

Separately for each of ACCESS's post-judgment interrogatories, identify each person who and all documents that supplied factual information used in preparing any of the responses to the interrogatories.

**Second Supplemental Response to Interrogatory No. 7.**

Without waiving E-Pass's previously served general and specific objections, E-Pass further supplements its response to this interrogatory as follows:  Hartmut Hennige, Peter Reisser, Squire Sanders & Dempsey LLP, and Moses & Singer LLP, and supplied factual information used in preparing the foregoing supplemental responses to Defendant's

7

interrogatories.   Andrew Oliver, Esq. supplied the factual information that his law firm has received copies of E-Pass's subscription agreements.   Documents that supplied factual information include E-Pass's corporate formation and state filing documents, E-Pass's checking account records, attorney invoices, the client files from Squire Sanders & Dempsey LLP, expert reports from Moses & Singer LLP, and certain papers copied from the records of the related action against Microsoft and Compaq.

Respectfully submitted,

CISLO & THOMAS LLP

Dated:  June 13, 2008              By:

Daniel M. Cislo, Esq.
Kelly W. Cunningham, Esq.

Attorneys for Plaintiff
E-PASS TECHNOLOGIES, INC.

T:\08-20696\E-Pass' second suppl response to post-judgment interrogatories by PalmSource.DOC

CISLO & THOMAS LLP
*Attorneys at Law*
SUITE 500
1333 2ND STREET
SANTA MONICA, CALIFORNIA 90401-4110
TELEPHONE: (310) 450-0647   FACSIMILE: (310) 394-4477

8

## PROOF OF SERVICE

I am over the age of eighteen (18) years, employed in the County of Los Angeles, and not a party to the above-entitled action.  My business address is 1333 2nd Street, Suite 500, Santa Monica, California 90401-4110.

On Friday, June 13, 2008, I served:

**PLAINTIFF E-PASS TECHNOLOGIES, INC.'S SECOND SUPPLEMENTAL RESPONSES TO DEFENDANT ACCESS SYSTEMS AMERICAS, INC.'S FIRST SET OF POST-JUDGMENT INTERROGATORIES**

by email transmission and by United States First Class Mail to the following addressees:

Mark D. Rowland, Esq.
Andrew T. Oliver, Esq.
ROPES & GRAY LLP
525 University Avenue
Palo Alto, California 94301-1903
Email:  mark.rowland@ropesgray.com
andrew.oliver@ropesgray.com

I declare, under penalty of perjury under the laws of the United States that the foregoing is true and that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.

Executed on Friday, June 13, 2008, at Santa Monica, California.

Christopher Eckart

EXHIBIT 28

| | |
|---|---|
| **From:** | Oliver, Andrew T. |
| **Sent:** | Monday, June 02, 2008 5:09 PM |
| **To:** | 'dancislo@cislo.com'; 'Kelly Cunnigham' |
| **Cc:** | Rowland, Mark D.; Palo Alto E-Files |
| **Subject:** | E-Pass v palmOne et al:  request for meet and confer |

Dear Dan and Kelly,

Further to my conversation with Kelly on Thursday May 29, ACCESS is considering filing a motion for sanctions against both E-Pass and your law firm.  ACCESS is considering seeking the expenses mandated by Rule 37(a)(5).

Further, I listed for Kelly examples of several deficiencies in the discovery ordered by the court, and requested that they be cured.  These deficiencies include, but are not limited to a failure to provide the ordered accounting of E-Pass assets (including the failure to identify the location of several million dollars of assets), a failure to provide ownership information, identifying information, and possibly subscription agreements for E-Pass' shareholders and those who have pledged capital to E-Pass, a failure to identify the business purpose of large payments to a "June Hennige" (including the reasons why such payments have regularly been made after the corporation was dissolved in 2004), a failure to identify the accounts that E-Pass holds with foreign banking entities and related documentation, etc.  Due to at least these failures, ACCESS is also investigating the possibility of seeking contempt sanctions pursuant to Rule 37(b)(2).

We would like to meet and confer regarding whether the expenses will be paid and whether the discovery violations will be promptly remedied without the need to involve the court.  Are you available to discuss these issues either late in the morning or early in the afternoon on Tuesday?  If not, please propose a time within the next couple of days at which we can meet regarding these issues.

Sincerely,
Andrew

EXHIBIT  29



**CISLO & THOMAS LLP**
*Attorneys at Law*

PROCUREMENT AND ENFORCEMENT
OF INTELLECTUAL PROPERTY

4300 LONG BEACH BLVD.
SUITE 405
LONG BEACH, CA 90807-2008
(562) 595-8422

1333 2ND STREET
SUITE 500
SANTA MONICA, CA 90401-4110
L.A. (323) 870-1163
(310) 451-0647
FACSIMILE (310) 394-4477
WWW.CISLO.COM

PATENT, TRADEMARK
COPYRIGHT & RELATED MATTERS

2829 TOWNSGATE ROAD
SUITE 310
WESTLAKE VILLAGE, CA 91361-3006
(805) 496-1164

June 3, 2008

> **VIA EMAIL TRANSMISSION**
> EMAIL ADDRESS: andrew.oliver@ropesgray.com

Andrew T. Oliver, Esq.
Ropes & Gray LLP
525 University Avenue
Palo Alto, California 94301

      **Re:** *E-Pass Technologies, Inc. v. 3Com Corp. et al.*
          **Civil Case No. 00-CV-2255 DLJ and Related Matters (08-20696)**

Dear Mr. Oliver:

      We are in receipt of your June 2, 2008 email requesting a meet and confer on your intended motion for sanctions and motion for contempt order. We vehemently disagree with these motions and strongly request that you not pursue them.

      We always, however, wish to seek ways to avoid motion practice and satisfy your discovery requests to the extent that it is within our abilities and within the actual requests. To this end, we propose meeting by telephone this Thursday or Friday afternoon at around 3:30 pm.

      We would also like to include in this meet and confer our intention to seek sanctions against your firm for these improper motions, which verge on a violation of your ethical duties as officers of the Court.

This message is intended only for the use of the individual or entity to which it is addressed, and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone and return the original message to us at the above address via the U.S. Postal Service. Thank you.

CISLO & THOMAS LLP
*Attorneys at Law*

Andrew T. Oliver, Esq.
Ropes & Gray LLP
June 3, 2008
Page 2

       Meanwhile, if you should have any questions or comments regarding this matter, do not hesitate to contact our office.

               Very truly yours,

               CISLO & THOMAS LLP

               Daniel M. Cislo

DMC/KWC:ce

T:\08-20696\Letter to Oliver re meet and confer re motions for sanctions.DOC

**EXHIBIT  30**

## Oliver, Andrew T.

**From:**     Oliver, Andrew T.
**Sent:**     Wednesday, June 04, 2008 3:12 PM
**To:**       'dancislo@cislo.com'; 'Kelly Cunningham'
**Cc:**       'Chris Eckart'; Rowland, Mark D.; Palo Alto E-Files
**Subject:**  E-Pass v palmOne et al: meet and confer

Counsel,

I write in response to your letter sent today.  We have acted properly and are aware of no basis for a motion against us.  Thus, we would like to know the legal and factual grounds upon which you would base any potential motion for sanctions.  We do not think that it will be a profitable use of time to meet and confer without having had an opportunity to consider your allegations.  In each instance in which we have brought a motion, we have afforded you multiple days to consider the issues that to be raised at a meet and confer.  Please provide your basis for a motion as soon as possible.  We will be prepared to schedule a meet and confer at a reasonable time after receiving your allegations.  If you are not willing to provide your factual and legal support before a meet and confer, please inform us.  Because, even if you refuse to provide a reasonable opportunity to consider your allegations, we will be willing to meet and confer so as to fulfill our obligations under the local rules.

We will be glad to meet and confer about ACCESS' potential motion(s) on Thursday at 3:30pm.  I will plan to call your offices at that time.

Sincerely,
Andrew

---

**From:** Chris Eckart [mailto:ceckart@cislo.com]
**Sent:** Tuesday, June 03, 2008 7:08 PM
**To:** Oliver, Andrew T.
**Cc:** dancislo@cislo.com; 'Kelly Cunningham'
**Subject:** E-Pass Technologies v. 3Com, Case No. 00-CV-2255 DLJ (08-20696)

Mr. Oliver -

Please see the enclosed letter from Dan Cislo.  Should you have any questions, feel free to contact Mr. Cislo or Kelly Cunningham.

*Christopher Eckart, assisting:*
*Daniel M. Cislo, Esq.*
*Cislo & Thomas LLP*
*1333 2nd Street, Suite 500*
*Santa Monica, California 90401-4110*
*(310) 451-0647 -- ext. 128*
*(310) 394-4477 -- facsimile*
*dancislo@cislo.com -- email*

*Cislo & Thomas LLP*
*1333 2nd Street, Suite 500*
*Santa Monica, CA 90401-4110 USA*
*http://www.cislo.com*

*Procurement and Enforcement of Intellectual Property*
*Patent, Trademark, Copyright and Related Matters*

*This email message is for the sole use of the intended recipient and may contain privileged and confidential information.  Any unauthorized review, use, disclosure or distribution is prohibited.  If you are not the intended recipient, please contact the sender by reply email at dancislo@cislo.com or by telephone at (310) 451-0647 (or other immediate means) and destroy all copies of the original message without reading its contents. Thank you.*

**EXHIBIT  31**

## Oliver, Andrew T.

**From:**   Oliver, Andrew T.
**Sent:**   Thursday, June 05, 2008 5:25 PM
**To:**   'dancislo@cislo.com'; 'Kelly Cunningham'
**Cc:**   Rowland, Mark D.; Palo Alto E-Files; Oliver, Andrew T.
**Subject:** RE: E-Pass v palmOne et al: meet and confer

Dan and Kelly,

This email is to confirm that we met and conferred today regarding possible motions for sanctions by ACCESS under Rule 37(a) (5) and Rule 37(b).

I informed you of the rule and certain caselaw supporting awards of sanctions wherein the party and attorney may be liable. We agreed that you would consider whether ACCESS would be reimbursed for the approximately $27,000 spent in pursuing its motion to compel, which was granted without the need for a further motion. You agreed to inform us of the result of this consideration by Friday, June 13. I explained that we did not believe that any of the conditions of Rule 37(a)(5)(A)(i), (ii), or (iii) applied. You did not explain why such conditions might apply in this situation.

With respect to Rule 37(b) and the order compelling discovery, you agreed to follow up with your client to attempt to remedy the discovery issues that we brought to your attention. You agreed to attempt to remedy these issues by Friday, June 13. As I mentioned, while resolution of the issues we specifically addressed will not resolve all of the outstanding violations of the order compelling discovery, resolution will allow us to reevaluate whether a motion for a contempt sanction will be necessary.

In the event that these issues are not resolved by June 13, ACCESS will consider that it has fully attempted to resolve these disputes without involving the court.

Sincerely,
Andrew

**Andrew T. Oliver**
**ROPES & GRAY LLP**
T 650-617-4719 | F 650-566-4156
525 University Avenue, Suite 300
Palo Alto, CA 94301-1917
Andrew.Oliver@ropesgray.com
www.ropesgray.com

---

**From:** Oliver, Andrew T.
**Sent:** Wednesday, June 04, 2008 3:12 PM
**To:** dancislo@cislo.com; 'Kelly Cunningham'
**Cc:** Chris Eckart; Rowland, Mark D.; Palo Alto E-Files
**Subject:** E-Pass v palmOne et al: meet and confer

Counsel,

I write in response to your letter sent today. We have acted properly and are aware of no basis for a motion against us. Thus, we would like to know the legal and factual grounds upon which you would base any potential motion for sanctions. We do not think that it will be a profitable use of time to meet and confer without having had an opportunity to consider your allegations. In each instance in which we have brought a motion, we have afforded you multiple days to consider the issues that to be raised at a meet and confer. Please provide your basis for a motion as soon as possible.

We will be prepared to schedule a meet and confer at a reasonable time after receiving your allegations.  If you are not willing to provide your factual and legal support before a meet and confer, please inform us.  Because, even if you refuse to provide a reasonable opportunity to consider your allegations, we will be willing to meet and confer so as to fulfill our obligations under the local rules.

We will be glad to meet and confer about ACCESS' potential motion(s) on Thursday at 3:30pm.  I will plan to call your offices at that time.

Sincerely,
Andrew

---

**From:** Chris Eckart [mailto:ceckart@cislo.com]
**Sent:** Tuesday, June 03, 2008 7:08 PM
**To:** Oliver, Andrew T.
**Cc:** dancislo@cislo.com; 'Kelly Cunningham'
**Subject:** E-Pass Technologies v. 3Com, Case No. 00-CV-2255 DLJ (08-20696)

Mr. Oliver -

Please see the enclosed letter from Dan Cislo.  Should you have any questions, feel free to contact Mr. Cislo or Kelly Cunningham.

*Christopher Eckart, assisting:*
*Daniel M. Cislo, Esq.*
*Cislo & Thomas LLP*
*1333 2nd Street, Suite 500*
*Santa Monica, California 90401-4110*
*(310) 451-0647 -- ext. 128*
*(310) 394-4477 -- facsimile*
*dancislo@cislo.com -- email*

*Cislo & Thomas LLP*
*1333 2nd Street, Suite 500*
*Santa Monica, CA 90401-4110 USA*
*http://www.cislo.com*

*Procurement and Enforcement of Intellectual Property*
*Patent, Trademark, Copyright and Related Matters*

---

*This email message is for the sole use of the intended recipient and may contain privileged and confidential information.  Any unauthorized review, use, disclosure or distribution is prohibited.  If you are not the intended recipient, please contact the sender by reply email at dancislo@cislo.com or by telephone at (310) 451-0647 (or other immediate means) and destroy all copies of the original message without reading its contents. Thank you.*

EXHIBIT  32



**CISLO & THOMAS LLP**
*Attorneys at Law*

PROCUREMENT AND ENFORCEMENT
OF INTELLECTUAL PROPERTY

4300 LONG BEACH BLVD.
SUITE 405
LONG BEACH, CA 90807-2008
(562) 595-8422

1333 2ND STREET
SUITE 500
SANTA MONICA, CA 90401-4110
L.A. (323) 870-1163
(310) 451-0647
FACSIMILE (310) 394-4477
WWW.CISLO.COM

PATENT, TRADEMARK
COPYRIGHT & RELATED MATTERS

2829 TOWNSGATE ROAD
SUITE 310
WESTLAKE VILLAGE, CA 91361-3006
(805) 496-1164

June 6, 2008

> **VIA EMAIL TRANSMISSION**
> EMAIL ADDRESS: andrew.oliver@ropesgray.com

Andrew T. Oliver, Esq.
Ropes & Gray LLP
525 University Avenue
Palo Alto, California 94301

> **Re:** *E-Pass Technologies, Inc. v. 3Com Corp. et al.*
> **Civil Case No. 00-CV-2255 DLJ and Related Matters (08-20696)**

Dear Mr. Oliver:

In response to your June 4, 2008 email message, please be advised that we provided you before our meet and confer exactly what our motion for sanctions would involve before our meet and confer meeting. The legal and factual basis for our motion is that Cislo & Thomas LLP has acted properly at all times, and we are aware of no basis for any such motion against us. We obtained a verification of the supplemental interrogatory responses from our client, as well as a confirmation of its diligence in searching for any responsive documents. Your threatened motion for sanctions directed at Cislo & Thomas LLP appears to be an improper attempt to drive a wedge between us and our client without any basis in either law or fact.

In fact, your notice to us before the meet and confer on your planned motions was not at all informative, either on the law or the facts that you may believe support your motions. You provided no legal authority or factual basis that Cislo & Thomas LLP has done anything improper, other than directing us to, Business Guides, Inc. v. Chromatic Communications Enterprises, Inc., 892 F.2d 802 (9th Cir. 1989); Calloway v. Marvel Entertainment (providing no Reporter volume or page number); and Hoffman v. United Parcel Service, Inc., 206 F.R.D. 506 (D. Ks. 2002). We ask that you state in writing the basis for your claims for us to consider.

This message is intended only for the use of the individual or entity to which it is addressed, and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone and return the original message to us at the above address via the U.S. Postal Service. Thank you.

CISLO & THOMAS LLP
*Attorneys at Law*

Andrew T. Oliver, Esq.
Ropes & Gray LLP
June 6, 2008
Page 2

Meanwhile, we again request that you <u>not</u> file a motion for Rule 37(a)(5) sanctions or Rule 37(b)(2) contempt sanctions against our client.  We also again request that you <u>not</u> file a motion for Rule 37(a)(5) sanctions against this law firm, and we confirm that you agreed <u>not</u> to file a motion for Rule 37(b)(2) contempt sanctions against this law firm unless and until we have had a proper meet and confer on that distinct issue.

Should you have any questions or comments regarding this matter, do not hesitate to contact our office.

Very truly yours,

CISLO & THOMAS LLP

Daniel M. Cislo

DMC/KWC:ce

T:\08-20690\Letter to Oliver re request not to file sanctions motions.DOC

EXHIBIT  33



PROCUREMENT AND ENFORCEMENT
OF INTELLECTUAL PROPERTY

4300 LONG BEACH BLVD.
SUITE 405
LONG BEACH, CA 90807-2008
(562) 595-8422

**CISLO & THOMAS LLP**
*Attorneys at Law*

1333 2ND STREET
SUITE 500
SANTA MONICA, CA 90401-4110
L.A. (323) 870-1163
(310) 451-0647
FACSIMILE (310) 394-4477
WWW.CISLO.COM

PATENT, TRADEMARK
COPYRIGHT & RELATED MATTERS

2829 TOWNSGATE ROAD
SUITE 310
WESTLAKE VILLAGE, CA 91361-3008
(805) 496-1164

June 6, 2008

> **VIA EMAIL TRANSMISSION**
> EMAIL ADDRESS: andrew.oliver@ropesgray.com

Andrew T. Oliver, Esq.
Ropes & Gray LLP
525 University Avenue
Palo Alto, California 94301

> Re: *E-Pass Technologies, Inc. v. 3Com Corp. et al.*
> Civil Case No. 00-CV-2255 DLJ and Related Matters (08-20696)

Dear Mr. Oliver:

In response to your June 5, 2008 email message, we disagree with your characterizations of the meet and confer.

In the interests of specificity, I will point out that, in the meet and confer, you identified only the three Rule 37(a)(5)(A) factors the Court is to consider in its decision whether to award sanctions and the following decisions for your claim that E-Pass and Cislo & Thomas LLP as E-Pass's attorney may be held liable for the award:

> Business Guides, Inc. v. Chromatic Communications Enterprises, Inc., 892 F.2d 802
>     (9th Cir. 1989);
> Calloway v. Marvel Entertainment, Inc. (providing no Reporter volume or page
>     number); and
> Hoffman v. United Parcel Service, Inc., 206 F.R.D. 506 (D. Ks. 2002).

As you mentioned in your email message, you explained that you did not believe *that* any of the conditions of Rule 37(a)(5)(A)(i), (ii), or (iii) applied. You did not, however, provide any explanation *why* you believed this. You merely read the factors, and as to each factor, you said that the facts here did not fall within the factor. I disagreed with your conclusion on each factor.

This message is intended only for the use of the individual or entity to which it is addressed, and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone and return the original message to us at the above address via the U.S. Postal Service. Thank you.

CISLO & THOMAS LLP
*Attorneys at Law*

Andrew T. Oliver, Esq.
Ropes & Gray LLP
June 6, 2008
Page 2

Without providing any documentation, you claimed your firm spent approximately $27,000 in pursuing your client's motion to compel. I in no sense "agreed that [either E-Pass or Cislo & Thomas LLP]" would consider reimbursing ACCESS for your supposed $27,000. Instead, you gave E-Pass and Cislo & Thomas LLP until Friday, June 13, 2008 to make an offer to reimburse this amount or to make a "serious" settlement offer to resolve the appeal as to Palmsource. When I asked if Palmsource had any settlement offer of its own to present, you said you did not know. I asked if Palmsource had a range for a possible settlement amount, such in the three, four, or five-digit range, and you jokingly replied, "just money."

With respect to Rule 37(b) and the order compelling discovery, you again gave us until Friday, June 13, 2008 to follow up with our client to see if there is any more information or documents that might help you understand why our client's production so far does not, according to you, appear to comport with Mr. Hennige's previous deposition testimony. Rather than leaving it vague as to which discrepancies we discussed, I recall discussing the following:

(1)  What happened to the $20 million in capital and the additional $5-10 million in legally enforceable promises? You want to see some accounting of what happened to these assets.

(2)  You want to see some documentation related to Niama Capital and Cuatros, including either account statements or agreements between each of these companies and E-Pass.

(3)  You want to see any other subscription agreements in E-Pass's possession or control.

(4)  You want to see any other documentation in E-Pass's possession or control concerning which parts of the subscription agreements have been consummated and which parts remain outstanding.

(5)  You want to see who is June Hennige and what business purpose is there for the payments to her.

Only after I insisted did you provide the following particular deposition dates and pages that, according to you, create an inconsistency with our client's supplemental discovery responses and document production:

- The transcript of Hartmut Hennige's February 1, 2001 deposition:
     pp. 154, 160, and the "surrounding" pages;
- The transcript of Mr. Hennige's February 8, 2005 deposition in the <u>Microsoft</u> case:
     pp. 119, 120, 123, 124, and "surrounding" pages.

CISLO & THOMAS LLP
*Attorneys at Law*

Andrew T. Oliver, Esq.
Ropes & Gray LLP
June 6, 2008
Page 3

As you admitted in your email message, you give us no assurance that compliance with the above-mentioned additional requests will in fact release our client from the threatened motions. You instead specifically held out that you might still file your motion even if E-Pass should make these additional efforts and disclosures, which by now are outside the scope of your discovery requests.

Despite the foregoing differences of opinion, we will nevertheless consider the legal authority and particular deposition testimony that you referenced for the first time at the meet and confer and will attempt to determine by your requested date of next Friday, June 13, 2008 whether our client can supplement its responses any further along the lines of the additional information, documentation, and clarifications that you have requested.

Meanwhile, we again request that you not file a motion for Rule 37(a)(5) sanctions or Rule 37(b)(2) contempt sanctions against our client. We also again request that you not file a motion for Rule 37(a)(5) sanctions against this law firm, and we confirm that you agreed not to file a motion for Rule 37(b)(2) contempt sanctions against this law firm unless and until we have had a proper meet and confer on that distinct issue.

Should you have any questions or comments regarding this matter, do not hesitate to contact our office.

Very truly yours,

CISLO & THOMAS LLP

Daniel M. Cislo

DMC/KWC:ce

T:\08-20696\Letter to Oliver responding to meet and confer summary.DOC

**EXHIBIT  34**

## Oliver, Andrew T.

| | |
|---|---|
| **From:** | Oliver, Andrew T. |
| **Sent:** | Tuesday, June 10, 2008 12:46 PM |
| **To:** | 'dancislo@cislo.com'; 'Kelly Cunningham' |
| **Cc:** | Rowland, Mark D.; Palo Alto E-Files |
| **Subject:** | E-Pass matter: response to letters of June 6, regarding meet and confer |

Dear Dan,

We are in receipt of your letters of June 6, 2008, purporting to summarize the meet-and-confer regarding ACCESS' potential motions for sanctions and a finding of contempt. I am surprised to see that you have attempted to summarize the meeting, as you informed me that you were leaving the room approximately 15 minutes into a telephone meeting that lasted over an hour. I am further surprised that in many instances you stated that you made certain statements during the discussion, yet it was Mr. Cunningham with whom I understood I was speaking.

Our position remains as stated. ACCESS attempted to resolve the issue of the potential Rule 37(a)(5) sanctions during the meeting. I provided the basis (i.e. Rule 37(a)(5)) for the motion in my May 29 discussion with Mr. Cunningham and my email sent 3 days before the meeting. I reviewed the same with Kelly Cunningham during the meeting. I then addressed the three possible exceptions in Rule 37(a)(5)(A) and stated that we do not see any basis for any of those exceptions applying. To my recollection, neither you nor Mr. Cunningham advanced reasons that such exceptions would apply or be raised in an opposition to a motion. Also, to my recollection, Mr. Cunningham agreed to consider whether either your firm or E-Pass would reimburse ACCESS for the expenses it incurred in bringing the motion to compel. Now, your letters of June 6, seem to indicate that you have positions that you did not provide during the meet and confer and that you will not consider reimbursing ACCESS. I remind you of the Court's order of July 14, 2005, wherein the Court stated, "E-Pass is cautioned that it must comply in good faith with the meet and confer requirements . . ." You had a week between my May 29 discussion with Mr. Cunningham and the second meet-and-confer in which to consider your positions. Yet, none were raised during the meet and confer. Accordingly, it is our position that we have strong grounds for a motion, you have not identified any opposition that you could raise, and that the only remaining issue is whether ACCESS will be reimbursed for the expenses that it incurred without the need for court intervention.

Turning now to other issues, with respect to your suggestion that I "jokingly" noted that ACCESS sought a cash offer for a settlement, I note that the statement was not a joke. As we have informed E-Pass several times, a settlement offer by E-Pass should include a cash payment. It may include other consideration, if appropriate. As to your request for a possible range, discovery indicates that E-Pass possesses significant assets. Further, as I mentioned to Mr. Cunningham during the meet-and-confer, E-Pass' appeal brief did not even mention, let alone challenge, significant holdings in favor of ACCESS which support the judgment. Thus, your letter's suggestion of a "three, four, or five-digit" settlement appears to be more of the nature of a joke than my serious suggestion that E-Pass include a cash payment in a settlement offer.

Sincerely,
Andrew

1

**EXHIBIT  35**

# Exhibit 35

# Filed Under Seal

**EXHIBIT** 36

# Exhibit 36

# Filed Under Seal

EXHIBIT  37



**CISLO & THOMAS LLP**
*Attorneys at Law*

PROCUREMENT AND ENFORCEMENT
OF INTELLECTUAL PROPERTY

4300 LONG BEACH BLVD.
SUITE 405
LONG BEACH, CA 90807-2008
(562) 595-8422

1333 2ND STREET
SUITE 500
SANTA MONICA, CA 90401-4110
L.A. (323) 870-1163
(310) 451-0647
FACSIMILE (310) 394-4477
WWW.CISLO.COM

PATENT, TRADEMARK
COPYRIGHT & RELATED MATTERS

2829 TOWNSGATE ROAD
SUITE 310
WESTLAKE VILLAGE, CA 91361-3006
(805) 496-1164

June 13, 2008

> **VIA EMAIL AND FIRST CLASS MAIL**
> EMAIL ADDRESS: andrew.oliver@ropesgray.com

Andrew T. Oliver, Esq.
Ropes & Gray LLP
525 University Avenue
Palo Alto, California 94301

    **Re:**  *E-Pass Technologies, Inc. v. 3Com Corp. et al.,*
          **Civil Case No. 00-CV-2255 DLJ and Related Matters (08-20696)**

Dear Mr. Oliver:

    In response to your concern over who signed our June 6 letter, please see our revised letter that includes my signature as well.

    In addition, you acknowledged in your June 6 email message that you merely recited Rule 37(a)(5)(A), which did not really discuss your grounds sufficient to qualify as any meet and confer. You cannot merely recite the Rule and list off three cases for the first time during your telephonic meeting and expect us to discuss our client's opposition to this authority at the meeting itself. More to the point, I hope that your intention was not to merely recite the Rule and list off three cases for the first time at the meeting, and then to attempt to persuade the Court to preclude our opposition to your motion on the grounds that we did not discuss our opposition to this authority at the meeting.

This message is intended only for the use of the individual or entity to which it is addressed, and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone and return the original message to us at the above address via the U.S. Postal Service. Thank you.

CISLO & THOMAS LLP
Attorneys at Law

Andrew T. Oliver, Esq.
Ropes & Gray LLP
June 13, 2008
Page 2

## A. Supplemental document production

Nevertheless, we enclose our supplemental responses to ASA's document requests. As you will recall, I called you before the deadline for serving supplemental responses and you gave me your consent to extend the deadline for these supplemental responses in light of the other busy demands from this case at the time. We also enclose supplemental document production, which includes E-Pass Technologies' documents Bates numbered PJ01532 to PJ01542. You will notice that each of these documents is marked as "Highly Confidential – Attorneys' Eyes Only," and we request that you treat these documents accordingly. You will notice that E-Pass is producing unredacted versions of its retainer agreements with this law firm. This shall in no way be construed as any waiver of any attorney-client privilege by either E-Pass or this law firm as no waiver is being made by this production, and we notice that the provisions in these agreements are from our form agreements that are publicly available over our website, www.cislo.com. You will also notice that, in the second supplemental responses to ASA's interrogatories, E-Pass identifies communications it has made of Stephen Weiss following ASA's post-judgment discovery requests. This shall in no way be construed as any waiver of any attorney-client privilege by either E-Pass, Moses & Singer, or this law firm as no waiver is being made by these supplemental responses.

Based on your further requests, we also provide you with the following additional information:

## B. An ordered accounting of E-Pass assets

You asked us to get E-Pass to produce an ordered accounting of E-Pass assets. E-Pass, however, already produced for you copies of all of the bank savings and checking account records and cashed checks that E-Pass has in its possession. E-Pass additionally provided you with several expert reports, an opinion letter, and two Federal Circuit decisions from which your client can make its own valuation of the '311 patent. This constituted, as our client's confirmation attested, the totality of E-Pass's accounting of its assets.

You also indicated that you felt that E-Pass had limited its supplemental response to this request to just assets in this country. We assure you E-Pass's confirmation and verification was as to the entire world and that the foregoing documents disclose all of E-Pass's assets throughout the world. In an abundance of caution, we enclose a further supplemental response to ASA's interrogatories clarifying that this supplemental response is as to the entire world.

Andrew T. Oliver, Esq.
Ropes & Gray LLP
June 13, 2008
Page 3

### C. Ownership information, identifying information, and subscription agreements for E-Pass' shareholders and those who have pledged capital to E-Pass

You additionally asked us to get E-Pass to produce "ownership information, identifying information, and possibly subscription agreements for E-Pass' shareholders and those who have pledged capital to E-Pass" and any "accounts that E-Pass holds with foreign banking entities." Our client, however, already produced, as our client's verification and confirmation attested, the totality of E-Pass's responsive information and responsive documents in its possession or control. You have not provided to us any basis to suggest that our client has any more documents or information or that its confirmation statement was not truthful.

### D. The business purpose of the payments to June Hennige

You also asked us to identify the business purpose of the payments to June Hennige. It is our understanding that these payments were for the business purpose of reimbursing ordinary and reasonable business expenses of E-Pass's president, Hartmut Hennige. In an abundance of caution, we enclose a further supplemental response to ASA's interrogatories clarifying this. Since you did not raise any other complaints about the checks E-Pass produced, we trust therefore that the rest of the checks and payments are sufficiently self-explanatory.

### E. Any accounts that E-Pass holds with foreign banking entities and related documentation

You also asked us to identify the accounts that E-Pass holds with foreign banking entities and related documentation, etc. E-Pass assures us that it does not now have any accounts with any bank other than Citibank. In an abundance of caution, we enclose a further supplemental response to ASA's interrogatories clarifying that the supplemental responses are as to the entire world.

More importantly, as I recall, you spent a good amount of time apologizing for even bringing up the issue of attempting to get your attorneys' fees from this law firm in the motion but that your client's in-house counsel was pushing the issue. You said that your intention was to pressure us in turn to pressure our client to make a legitimate offer of settlement. It is our position, however, that this is an improper purpose of a Rule 37 sanctions motion. We would therefore again request that you not file a motion for sanctions or contempt order against either our client or this law firm.

As for your overt demand that our client present a legitimate settlement offer by today, I am sorry to report that our client cannot afford to make any offer other than to reiterate that it seeks to maintain its intellectual property intact and that it is looking into a malpractice action

CISLO & THOMAS LLP
*Attorneys at Law*

Andrew T. Oliver, Esq.
Ropes & Gray LLP
June 13, 2008
Page 4

against its prior litigation counsel, the damages from which may or may not exceed the current amount of your attorneys' fees award.

Should you have any questions or comments regarding this matter, do not hesitate to contact our office.

Very truly yours,

CISLO & THOMAS LLP

Kelly W. Cunningham

KWC:ce

Enclosures:
    Second supplemental responses to ASA's interrogatories
    Supplemental responses to ASA's document requests
    Documents Bates numbered PJ01532 - PJ01542
    Second revised privilege log

T:\08-20696\Letter to Oliver re further supplemental responses.DOC

EXHIBIT  38   .

Page 58

1

2   UNITED STATES DISTRICT COURT

3   SOUTHERN DISTRICT OF TEXAS

4   HOUSTON DIVISION

5   Civil Action H-02-0439

6   ------------------------------------x

7   E-PASS TECHNOLOGIES, INC.,

8                    Plaintiff,

9     -against-                Volume II

10   MICROSOFT CORPORATION, and

11   COMPAQ COMPUTER CORPORATION,

12                    Defendants.

13   ------------------------------------x

14

15                    February 8, 2005

16                    9:05 a.m.

17

18        Continued Videotaped Deposition of

19   HARTMUT HENNIGE, taken by Counsel for the

20   Defendants, at the offices of Moses & Singer, LLP,

21   1301 Avenue of the Americas, New York, New York,

22   before Paula L. Grider, a Registered Professional

23   Reporter and Notary Public within and for the

24   State of New York.

25

## Page 115

1  H. Hennige
2  any of those applications?
3     A.   No.
4     Q.   Have you exerted any efforts to sell an
5  e-pass device for use in those applications?
6     A.   Yes.
7     Q.   In terms of financial applications,
8  what efforts did you exert to sell E-Pass devices
9  in that area?
10     A.   Well, I spoke to many people during the
11  past at trade shows or wherever, and I tried to
12  explain what the idea of E-Pass to do business
13  with organizations such in medical field,
14  financial, government and so on. All
15  hypothetical.
16     Q.   And is your principal effort currently,
17  in terms of business efforts that you personally
18  have, devoted to E-Pass?
19     A.   Yes.
20     Q.   And over how many years have you -- has
21  E-Pass and your efforts to persuade people to do
22  business with E-Pass, how long has that been your
23  principal effort?
24     A.   Since the time, several years.
25     Q.   Since approximately 1994?

## Page 116

1  H. Hennige
2     A.   I don't know.
3     Q.   And would you say that you've given
4  your best efforts to interest people in the E-Pass
5  concept?
6     A.   I don't know.
7     Q.   Well, how much time typically in a week
8  do you spend currently with respect to trying to
9  interest people in E-Pass?
10     A.   I honestly don't know.
11     Q.   10 hours?
12     A.   Maybe less. It depends. Some days more.
13  Some days less. I don't know.
14     Q.   Do you have any other business efforts
15  currently other than E-Pass?
16     A.   Yes. I'm involved in lots of -- I just
17  bought a harmonica factory in East Germany not too
18  long ago, and I'm involved in music projects.
19  Some of my friends are going to launch musical
20  projects, so I have a box set for Blind Willie
21  McTel, so if you want to buy a copy, Mr. Sutton,
22  you can do so on the Internet.
23     Q.   All right. At least that is not
24  fictional, correct?
25     A.   That's correct.

## Page 117

1  H. Hennige
2     Q.   Let me direct your attention to the
3  next page. There is listed there "Operating System
4  & File Management."
5     Did you prepare this?
6     A.   No.
7     Q.   Do you understand what is meant by
8  Virtual application layer?
9     A.   No.
10     Q.   It refers to EPOS (E-Pass Operating
11  System)?
12     A.   Yes.
13     Q.   Does such a thing exist?
14     A.   I don't know.
15     Q.   And there's also listed Open
16  Application Layer, Microsoft Windows CE V2.1.1.
17     Do you see that?
18     A.   Yes, I see it.
19     Q.   Do you have an understanding of why the
20  E-Pass operating system is needed along with the
21  Microsoft Windows CE?
22     A.   No, I don't know.
23     Q.   Is there a person within E-Pass who is
24  responsible for software for use with an e-pass
25  device?

## Page 118

1  H. Hennige
2     A.   No.
3     Q.   Do you know who prepared this page?
4     A.   I don't.
5     (Hennige Exhibit 15, Group of Documents
6  Bates Nos. EP 4093 - 4211, was marked for
7  identification.)
8     Q.   I'm marking as Exhibit Number 15, a
9  group of pages that run from EP 4093 through 4211,
10  I believe all-inclusive, but I have not checked
11  that. And the first page of this, there is a
12  writing, "Subscription Agreements"?
13     A.   Yes.
14     Q.   Is that your handwriting?
15     A.   No.
16     Q.   Have you seen this page before?
17     A.   No.
18     Q.   Have you seen the subsequent pages
19  before?
20     A.   You mean the following page?
21     Q.   Yes, sir, following pages. If you could
22  just take a moment to go through these pages, and
23  I want to just confirm that these are subscription
24  agreements for E-Pass International.
25     A.   Yes.

Page 119

H. Hennige

2  Q.  And currently what is the approximate
3  total amount of subscription agreements for E-Pass
4  International?
5  A.  The amount being paid in or the amount
6  being pledged?
7  Q.  That has been pledged or paid in.
8  A.  I don't know.
9  Q.  I believe in the Palm deposition you
10  mentioned the $20 million figure?
11  A.  Yes.
12  Q.  Does that sound about right?
13  A.  It does, yes.
14  Q.  In the past four years, have there been
15  any additional subscription agreements?
16  A.  Yes.
17  Q.  Do you know approximately totaling how
18  much in that period of time?
19  A.  No, I don't have the exact figure.
20  Q.  Are there currently pledges to invest
21  money in E-Pass International?
22  A.  Yes.
23  Q.  Do you know approximately the total of
24  those pledges?
25  A.  Between 10 and 20 million.

Page 120

H. Hennige

2  Q.  In terms of money that has already been
3  invested into E-Pass, do you have an approximate
4  amount of that money separate and apart from the
5  pledges?
6  A.  That will be between 5 and 10 million.
7  Q.  In terms of the pledges that are
8  outstanding, are there any contingencies on those
9  pledges?
10  A.  No.
11  Q.  So they are committed?
12  A.  Yes.
13  Q.  And I believe earlier today you said
14  that they are friends and family?
15  A.  Yes.
16  Q.  Are any of the investors in E-Pass
17  International U.S. companies?
18  A.  No companies.
19  Q.  Are there any U.S. citizens?
20  A.  As investors?
21  Q.  Yes.
22  A.  Yes.
23  Q.  Who are they?
24  A.  Friends and family, like -- I don't
25  know. I would have to look up my files.

Page 121

H. Hennige

2  Q.  Let's go to the second page of Exhibit
3  Number 15.
4  A.  Yes.
5  Q.  There is a name that's handwritten
6  there Ahmad Ali -- I'll let you pronounce the last
7  name, if you can.
8  A.  Abdulmonem.
9  Q.  Who is that?
10  A.  He is a friend in Saudi Arabia.
11  Q.  And the next page says Mohamad Saleh Al
12  Saleh?
13  A.  Yes.
14  Q.  Who is that?
15  A.  That is also friend in Saudi Arabia.
16  Q.  Next page says Rajaa Ismail Abdallah?
17  A.  Same.
18  Q.  Friend in Saudi Arabia?
19  A.  Yes.
20  Q.  Then on page -- down at the lower
21  right-hand corner, EP 410I, believe it refers to
22  Werner Vogt?
23  A.  Which number?
24  Q.  4104.
25  A.  4104, I've got it here.

Page 122

H. Hennige

2  Q.  Okay. I believe it's Werner Vogt?
3  A.  That's correct, yeah.
4  Q.  Who is that?
5  A.  He is a friend and the owner of
6  Interlock, the Swiss company.
7  Q.  Where does he reside?
8  A.  In Zurich.
9  Q.  Zurich, Switzerland?
10  A.  Yes.
11  Q.  Go to the next page, if you would,
12  please, to 4105?
13  A.  Yes.
14  Q.  There's listed there 500,000 shares?
15  A.  Yes.
16  Q.  I don't know how to match that up with
17  who the investor is.
18     Do you know who an investor is of
19  500,000 shares?
20  A.  It's the same gentleman, because you
21  see on the front page, you see on 4103, where it
22  says on the top, Mr. Vogt, you see listed the
23  shares.
24  Q.  All right. Thank you. And so the total
25  investment of Mr. Vogt is 9,300,000 shares?

DOERNER & GOLDBERG, INC.                973-740-1100
5 Becker Farm Road, Roseland, NJ  07068    *    2 Industrial Way West, Eatontown, NJ  07724

17  (Pages 119 to 122)

EXHIBIT  39

# Exhibit 39

# Filed Under Seal

EXHIBIT 40

# Exhibit 40

# Filed Under Seal

**EXHIBIT  41**

# Exhibit 41

# Filed Under Seal