IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| E-PASS TECHNOLOGIES, INC., <br><br> Plaintiff, <br><br> v. <br><br> 3COM, INC. et al., <br><br> Defendants. <br> _____ <br> E-PASS TECHNOLOGIES, INC., <br><br> Plaintiff, <br><br> v. <br><br> VISA INTERNATIONAL SERVICE ASSOCIATION, et al., <br><br> Defendants. <br> _____ <br> E-PASS TECHNOLOGIES, INC., <br><br> Plaintiff, <br><br> v. <br><br> PALMONE, INC., et al., <br><br> Defendants. <br> _____ | No. C-00-2255 DLJ (EDL) <br> C-03-4747 DLJ (EDL) <br> C-04-528 DLJ (EDL) <br><br> **ORDER GRANTING IN PART JUDGMENT CREDITOR ACCESS SYSTEMS AMERICAS, INC.'S MOTION FOR PAYMENT OF EXPENSES** |

On May 5, 2008, the Court granted in part Judgment Creditor Access Systems Americas' motion to compel discovery from Plaintiff. See Declaration of Andrew Oliver Ex. 24. Access Systems now seeks payment of its expenses incurred in bringing that motion against Plaintiff and its counsel pursuant to Federal Rule of Civil Procedure 37(a)(5)(A) in the amount of $24,597.94.

1  Plaintiff opposed Access Systems' motion, arguing primarily that the objections to Access Systems'
2  discovery was substantially justified. Because the Court granted Access Systems' motion only in
3  part, albeit in large part, Rule 37(a)(5)(A) does not appear to apply to the award of expenses.
4  Instead, the Court applies Rule 37(a)(5)(C): "If the motion is granted in part and denied in part, the
5  court may issue any protective order authorized under Rule 26(c) and may, after giving an
6  opportunity to be heard, apportion the reasonable expenses for the motion."

7  Although the Court need not make any findings on the issue of substantial justification under
8  Rule 37(a)(5)(C), Plaintiff's objections to discovery based on Civil Local Rule 26-2 and 28 U.S.C. §
9  1963 were particularly meritless as discussed at the hearings on this motion and on the motion to
10 compel. Moreover, Plaintiff made initial objections to discovery, based on issues such as ripeness
11 and harassment, that it did not defend in its opposition to the motion to compel. Further, Plaintiff
12 prevailed on only a small number of points, notably vagueness and overbreadth, in connection with
13 the motion to compel. Accordingly, the Court will apportion the expenses by shifting the majority
14 to Plaintiff.

15 Plaintiff argues that the hourly rates charged by Access Systems' counsel are unreasonable
16 based on the average rates in the 2007 Report of the Economic Survey of the American Intellectual
17 Property Association. See Declaration of Kelly Cunningham ¶ 18, Ex. 10. Although Access
18 Systems' rates are on the high end of the scale, they are the rates actually charged to the client and
19 are not unreasonable in light of the market in the Bay Area, counsel's expertise in intellectual
20 property matters, and Judge Jensen's approval in November 2007 of fees based on rates previously
21 in effect for the same firm. Although the firm's rates have risen since that time, as is customary,
22 counsel represented at the hearing that the increases were annualized and not excessive. Further,
23 Plaintiff's former counsel charged similar rates. See Oliver Decl. Ex. 36. Accordingly, the Court
24 approves Access Systems' counsel's rates.

25 Plaintiff also objects to Access Systems' billing records on the grounds that almost all of
26 counsel's billing entries are in increments of 0.5 hours, that the total number of hours (51) worked is
27 unreasonable, and that there was improper "block billing." However, Plaintiff has failed to point to
28 specific billing entries to establish any impropriety in the records. Moreover, the Court has

2

reviewed the records and finds that, in general, the hours worked were not unreasonable given the number of objections made by Plaintiff that required Access Systems to respond.

Access Systems argues that any fee award should be assessed against counsel as well as the client. See Rockwell Int'l, Inc. v. Pos-A-Transaction Indus., Inc., 712 F.2d 1324, 1326 (9th Cir. 1983) (where an attorney's advice is not justified, an award of expenses against him or her is proper); U.S. v. Sumitomo Marine & Fire Ins. Co., 617 F.2d 1365, 1370-71 (9th Cir. 1980) (approving sanctions against attorneys for failure to comply with court-ordered discovery). These cases, however, involve more serious misconduct such as flagrant disregard of court orders. Because there has been no similarly egregious conduct here, the Court declines to award fees against counsel. Plaintiff's current counsel was hired in December 2007, and there is no reason to impute any prior conduct to new counsel.

Accordingly, Access Systems' motion for payment of expenses is granted in part. The Court reduces the requested fee award by 10% to account for the small number of points on which Plaintiff prevailed on the motion to compel. Therefore, Access Systems' motion is granted in the amount of $22,138.15 against Plaintiff only.

**IT IS SO ORDERED.**

Dated: July 22, 2008

*Elizabeth D. Laporte*
ELIZABETH D. LAPORTE
United States Magistrate Judge